IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH SIMMONS,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 22-CV-1644 |
| OFFICER WILLSON,<br>    Defendant. | :<br>:<br>: |

**MEMORANDUM**

**GALLAGHER, J.**                                                                                            AUGUST 19, 2022

Plaintiff Joseph Simmons, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 with respect to an alleged assault he suffered while he was incarcerated at Curran Fromhold Correctional Facility ("CFCF") in Philadelphia. Currently before the Court are Simmons's Amended Complaint (ECF No. 5), his motions seeking to proceed *in forma pauperis* (ECF Nos. 6, 8), and his Prisoner Trust Fund Account Statements (ECF Nos. 7, 9). For the following reasons, the Court will grant Simmons leave to proceed *in forma pauperis* and dismiss his Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Simmons will be granted leave to file a second amended complaint.

**I.     FACTUAL ALLEGATIONS**[1]

Simmons, who is currently incarcerated at SCI Rockview, alleges that he was physically and sexually assaulted by an unnamed inmate at CFCF in February 2021 in violation of his constitutional rights.[2] Simmons names the following employees at CFCF as Defendants: (1)

---

[1] The facts set forth in this Memorandum are taken from Simmons's Amended Complaint. Where the Court cites a page number rather than a paragraph number, the Court will adopt the pagination supplied by the CM/ECF docketing system.

[2] Simmons initially sought to bring his § 1983 claims regarding the February 2021 assault in *Simmons v. Gianetta, et al.*, Civ. A. No. 21-4962. By Memorandum dated April 27, 2022, the

Correctional Officer Willson, (2) Lieutenant Jane Doe, and (3) Sergeant John Doe.[3] (Am. Compl. ¶¶ 2-4.) Simmon's factual allegations are brief and do not contain much detail. He alleges that at approximately 10:00 pm on February 22, 2021, while housed on A-1-4 pod, he pressed the call button in his cell and Defendant Willson came to his cell. (*Id.* ¶ 6.) When Willson arrived, Simmons advised Willson "that he feared for his life and felt in danger of physical assault." (*Id.*) Simmons alleges that Willson went back to his desk and "advised his supervisor of the situation and logged it in the log book." (*Id.* ¶ 7.) Simmons asserts that he was subsequently assaulted both "physical[l]y and sexually . . . through out [sic] the night and no officer or supervisor came." (*Id.* ¶ 8.) According to Simmons, he was "finally able to get treatment for his injuries after his mother called the administration at CFCF." (*Id.* ¶ 9.) He asserts that he was sent to an outside hospital for "x-rays, ultra sounds [sic] and treatment for multiple injuries."[4] (*Id.*) Simmons alleges that both Lieutenant Jane Doe and Sergeant John Doe were "notified by Officer Willson of the situation with Plaintiff and negl[e]gently failed to

---

Court concluded that the February 2021 assault did not "arise out of the same transaction, occurrence, or series of transactions or occurrences" as his other factual allegations and found that the claims arising from the February 2021 assault should be severed from that suit. *See Simmons v. Gianetta*, No. 21-4962, 2022 WL 1238964, at *8 (E.D. Pa. Apr. 27, 2022). Accordingly, the Court directed the Clerk of Court to open a new civil action naming Simmons as the Plaintiff and Officer Willson as the sole Defendant. (Civ. A. No. 21-4962, ECF No. 7 ¶¶ 7-8.) Following the issuance of the April 27, 2022 Order, the Clerk of Court opened this action, *Simmons v. Willson*, Civ. A. No. 22-1644, and the Court directed Simmons to either pay the filing fee or seek leave to proceed *in forma pauperis* in this case. (ECF No. 4.) In June 2022, Simmons filed two requests seeking leave to proceed *in forma pauperis* (ECF Nos. 6, 8) as well as an Amended Complaint that is now before the Court for consideration.

[3] Simmons is suing Defendants solely in their individual capacities. (Am. Compl. ¶¶ 2-4.)

[4] Simmons does not describe his injuries in any detail in the Amended Complaint. For purposes of background, the Court notes that in his initial Complaint (ECF No. 2), Simmons alleged that his injuries included a "sprained right hand, swollen and possibly ruptured testicles, [a] human bite to [his] right cheek and a chip on [his] front tooth." (Compl. ¶ 47.)

respond." (*Id.* ¶¶ 10-11.) Based on the allegations of the Amended Complaint, Simmons seeks declaratory relief, as well as compensatory damages in the amount of $100,000 jointly and severally against each Defendant, and punitive damages in the amount of $50,000 against each Defendant. (*Id.* at 5-6.)

## II.     STANDARD OF REVIEW

The Court will grant Simmons leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[5] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Simmons is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

---

[5] However, as Simmons is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

## III.   DISCUSSION

With respect to the February 2021 attack by an unnamed inmate, Simmons asserts that Defendants violated his Eighth Amendment rights by "failing to take action and showing indifference in the excessive risk to [his] health and safety[.]" (Am. Compl. ¶ 13.) The vehicle by which constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a §1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

### A.   **Simmons Claim for Failure to Protect**

The Court understands Simmons's Amended Complaint to assert a claim against Defendants for allegedly failing to protect him from a physical and sexual assault by another inmate. Although the Court reviews a failure to protect claim under the Due Process clause of the Fourteenth Amendment for pre-trial detainees like Simmons,[6] and under the Eighth Amendment for post-conviction prisoners, the Third Circuit has made clear that the deliberate indifference standard applies in both situations. *See Burton v. Kindle*, 401 F. App'x 635, 637-38 (3d Cir. 2010) ("[W]e conclude that a pretrial detainee presenting a failure-to-protect claim must

---

[6] While Simmons cites the Eighth Amendment, a review of public records makes clear that Simmons was a pretrial detainee at the time of the relevant events alleged in the Amended Complaint. *See Commonwealth v. Simmons*, CP-51-CR-0001195-2019 (C.P. Philadelphia). Accordingly, it is the Due Process Clause of the Fourteenth Amendment that applies to his failure to protect claims in this case.

plead that the prison official acted with deliberate indifference to the detainee's health or safety.").

To state a plausible failure to protect claim against a prison official, a plaintiff must allege that: (1) the conditions in which he was incarcerated posed a substantial risk of serious harm; (2) the prison official acted with deliberate indifference to that substantial risk of serious harm; and (3) the official's deliberate indifference caused harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997); *see also Travillion v. Wetzel*, 765 F. App'x 785, 790 (3d Cir. 2019) (*per curiam*). Deliberate indifference is a subjective standard. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001). Simmons must allege that the prison officials "knew or were aware of and disregarded an excessive risk to [his] health or safety." *Id*. at 135. "[I]t is not sufficient that the official *should have* been aware" of the excessive risk. *Id*. at 125 (emphasis added).

Additionally, "[i]t is well established that merely negligent misconduct will not give rise to a claim under § 1983; the state defendant must act with a higher degree of intent." *Burton*, 401 F. App'x at 637 (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998)) ("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."). Accordingly, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety[,]" and relief is limited to situations where the prison official demonstrated "deliberate indifference" for the plaintiff's health and safety. *See Farmer*, 511 U.S. at 834.

Even under the most liberal construction, Simmons fails to allege plausibly that Defendants were deliberately indifferent to his safety with respect to the assault that occurred in February 2021. Simmons alleges only that he told Defendant Willson "that he feared for his life

5

and felt in danger of physical assault[,]" and that Willson "advised his supervisor of the situation and logged it in the log book." (Am. Compl. ¶¶ 6-7.) Even accepting these allegations as true, they are insufficient to support a reasonable inference that Simmons was incarcerated under conditions posing a "substantial risk of serious harm[,]" and that Defendants were both aware of, and disregarded that risk, leading to Simmons's injuries. *See Farmer*, 511 U.S. at 834.

Simmons does not allege any facts demonstrating that Defendants were aware that he was subject to a substantial risk of serious harm such as a prior threat from, or a previous altercation with, the inmate who ultimately attacked him (or any other such threats or violent altercations during his incarceration at CFCF), nor does he allege that he informed prison officials of any such facts. Moreover, Simmons also fails to allege any facts regarding the circumstances of the assault – such as the who was involved, or what, when, and where it occurred. While Simmons alleges that he hit the call button prompting Defendant Willson to come his cell prior to the attack, he does not allege whether the subsequent assault took place in that same cell, nor does he allege whether he specifically told Defendant Willson that he was threatened by, or feared an attack from, his cellmate. It is also unclear whether his fear related to some other inmate in some other area of the prison such that Defendant Willson could have appreciated that Simmons was at substantial risk. Simply stated, there is insufficient information from which the Court can infer that Defendant Willson was actually aware of facts or circumstances establishing that Simmons was at substantial risk of serious harm in order to state a plausible § 1983 claim. *Compare Hutchinson v. Bergen Cty. Sheriff's Office*, No. 22-0993, 2022 WL 1639153, at *4 (D.N.J. May 24, 2022) (finding plaintiff sufficiently stated a deliberate indifference claim where he alleged that officer privately conferred with the attacker, whom he knew prior to the attacker's incarceration, brought the attacker to a unit where he should not have been housed, helped the

6

attacker locate the plaintiff, and put the attacker in a cell so that he could retrieve the knife that he then used to attack the plaintiff); *Dickson v. SCI-Greensburg*, No. 08-01102, 2010 WL 4641550, at *5-6 (W.D. Pa. Nov. 8, 2010) (permitting claim to proceed against officer who purposefully failed to secure handcuffs and another officer who was "fully aware of the threats" made by the attacker against the plaintiff and "allowed and assisted" the inmate to attack plaintiff"), *with Burton*, 401 F. App'x 638 (holding that plaintiff failed to state a claim since the complaint did not set forth any facts that suggest defendant knew other inmates would attack plaintiff); *Parrish v. Ocean Cnty. Jail*, No. 12-3581, 2013 WL 104176, at *1 (D.N.J. Jan. 8, 2013) (concluding plaintiff failed to state a deliberate indifference claim where he was returned to regular custody and immediately encountered an inmate, with whom he had a prior altercation, and who tackled him to the floor, because the plaintiff failed to allege any facts demonstrating corrections officer was aware of the prior altercation or disregarded a risk of harm to plaintiff, alleging only that the officer was negligent). Accordingly, Simmons has failed to state a plausible failure to protect claim against Defendant Willson. The same is also true with respect to Defendant Lieutenant Jane Doe and Defendant Sergeant John Doe – neither of whom is alleged to have had any personal involvement other than their "negligent" failure to respond to the "situation" after they were "notified" by Defendant Willson.[7] (*See* Am. Compl. ¶¶ 9-10); *Burton*, 401 F. App' at 637 ("merely negligent misconduct will not give rise to a claim under § 1983").

---

[7] The Court does not understand Simmons's Amended Complaint to separately allege any state law negligence claims. To the extent, however, that Simmons intended to bring such claims, he has failed to adequately allege an independent jurisdictional basis for those claims. *See* 28 U.S.C. § 1332.

Simmons's generalized and conclusory allegations that he feared for his life and was in danger of being assaulted, without specific allegations of the circumstances giving rise to that belief and his specific steps to make prison officials aware of those circumstances and the risk of harm to Simmons, are insufficient to allege a plausible failure to protect claim. *Iqbal*, 556 U.S. at 678. However, at this time, the Court cannot conclude that Simmons can never state a plausible failure to protect claim, and he will be granted leave to file a second amended complaint with respect solely to this claim. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that leave to amend claims dismissed on screening should generally be granted "unless amendment would be inequitable or futile.").

### B. Simmons's Request for Declaratory Relief

Simmons seeks a declaratory judgment stating that Defendants "inaction and indifference to [his] health and safety violated [his] rights under the Eighth Amendment." (Am. Compl. at 4.) This request for relief is improper and will be dismissed with prejudice because declaratory relief is unavailable to adjudicate past conduct. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct.").

### IV. CONCLUSION

For the foregoing reasons, the Court will grant Simmons leave to proceed *in forma pauperis*. Simmons's claims for declaratory relief will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and Simmons's failure to protect claim

will be dismissed for failure to state a claim without prejudice to his right to file a second amended complaint solely with respect to this claim.  An appropriate Order follows.

**BY THE COURT:**

*/s/ John M. Gallagher*

**JOHN M. GALLAGHER, J.**