# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JOSEPH SIMMONS | : | |
| | : | Civil Action No. 01644-JMG |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |
| THE CITY OF PHILADELPHIA, et. al, | : | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

Plaintiff, by and through his undersigned counsel, respectfully move this Court pursuant Federal Rule of Civil Procedure 15(a) for leave to file an Amended Complaint, attached hereto as Exhibit A, for the reasons stated in the accompanying Memorandum of Law. Counsel for Defendants does not concur in this Motion.

Respectfully submitted,

| **MCELDREW PURTELL** | **ABOLITIONIST LAW CENTER** |
|---|---|
| /S/ Colin S. Haviland | /S/ Nia O. Holston |
| Colin S. Haviland, Esq. | Nia O. Holston, Esq. |
| John J. Coyle, Esq. | Bret D. Grote, Esq. |
| 123 South Broad Street | PO Box 8654 |
| Suite 2250 | Pittsburgh, PA 15221 |
| Philadelphia, PA 19109 | t: (267) 357-0948 |
| t: (215) 545-8800 | nia@alcenter.org |
| chaviland@mceldrewpurtell.com | bretgrote@abolitionistlawcenter.org |
| jcoyle@ mceldrewpurtell.com | |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH SIMMONS | : | |
| | : | Civil Action No. 01644-JMG |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |
| THE CITY OF PHILADELPHIA, et. al. | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**

I. INTRODUCTION

Plaintiff Joseph Simmons filed this action pursuant to the Fourteenth Amendment of the U.S. Constitution. He wants the City of Philadelphia and Philadelphia Department of Prisons officials to answer for the brutal assault he suffered while in their custody. Simmons' assault was a direct consequence of the City of Philadelphia, Commissioner Carney and Warden's Farrell's longstanding policy of understaffing correctional officers.  Their policy of understaffing correctional personnel was deliberately indifferent to the obvious danger it posed to incarcerated individuals like Simmons.  Had it not been for this deliberate indifference to his rights, Simmons' cellmate would not have been able to brutally assault him multiple times over the course of a night for the simple reason because there would have been a correctional officer there to stop it.

Since Simmons filed his last motion for leave to file an Amended Complaint on February 17, 2023, Doc. No. 34, he has learned additional information supporting his claims and promoting meritorious discussion. Permitting amendment allows Simmons to describe in further detail the issues in this action with new factual allegations and stands to eliminate further motion practice preserving scarce judicial resources.

In the previous Amended Complaint, Mr. Simmons recounted the actions and inaction of the Defendants – the City of Philadelphia, Commissioner Blanche Carney, Warden Michelle Farrell, and several officers - both prior to and on the night of the brutal assault, February 22, 2021. The new Amended Complaint, presented as Exhibit A, illustrates the individual and collective failures of the Defendants--notably their custom of understaffing--which resulted in the assault. It also more clearly supports Simmons' claims for their failure to train, discipline, and/or supervise correctional staff and demonstrates defendants' flagrant disregard for the safety and well-being of detainees.

Recently additional facts have come to light strengthening Simmons claims. Firstly, a corrections lieutenant at PDP recently filed whistleblower lawsuit corroborating the City of Philadelphia policymakers' custom of understaffing. Additionally, a newly filed Monitor's report in the *Remick v. City of Philadelphia*[1] litigation provides alarming data concerning staffing and the retention of officers, providing undeniable evidence of systemic issues within the PDP facilities.

Additionally, the recently published opinion in Diaz v. City of Philadelphia, No. 22-cv-3286, ---F. Supp. 3d ---, 2023 WL. 3011340 (E.D. Pa. Apr 20, 2023), relied upon by defendants, , postdates the filing of the amended complaint in this case. Notably, this opinion underscores the

---

[1] No. 2-20-cv-1959-BMS (E.D. Pa. Mar. 3, 2023) (Doc. No. 185).

factual distinctions between Diaz and the present case and provides additional support for Mr. Simmons' claims.

Defendants will not be unduly prejudiced from the filing of this complaint because the parties have not commenced discovery, the new allegations are facts well-known to Defendants and in their possession, and it does not add any additional defendants.

## II.     STATEMENT OF FACTS AND PROCEDURAL HISTORY

This matter was initially filed pro se on November 5, 2021 by Plaintiff Joseph Simmons against several officials and employees of the City of Philadelphia under civil action number 21-cv-4962. Doc. No. 1. On April 27, 2022, by order of the Court, Plaintiff's pro se complaint was dismissed in part; while several independent claims were opened to address distinct causes of action against various defendants. *Id*. As directed by the Court's order, the clerk opened a new civil action naming Simmons as Plaintiff and Officer Wilson as Defendant under Civil Action Number 22-cv-01644. Doc. No. 5.

On June 7, 2022 Mr. Simmons filed an amended complaint stating claims for deprivation of his civil rights under Section 1983 of the Civil Rights Act. Doc. No. 5. The Court, on August 19, 2022, then provided Simmons an opportunity for leave to amend within thirty days. Doc. Nos. 10, 11. Beyond those thirty days, counsel entered on behalf of Simmons. Doc. No. 12, 13, 14. Since entering their appearance, Plaintiff and his counsel worked to draft an amended complaint, but at times their efforts were frustrated by communication delays.

He then filed for leave to file his Second Amended Complaint, his first complaint aided by counsel on December 14, 2022. Doc. No. 23. This Court granted leave and the Second Amended Complaint was docketed on December 27, 2022. Doc. Nos. 24, 25.

Mr. Simmons filed a Third Amended Complaint after, in coordination with counsel for Defendants, Mr. Simmons identified the correctional officers and correctional supervisors on duty the day and night of his injuries. The Court granted leave and the Third Amended Complaint was docketed on March 9, 2023. Doc. No. 36.

Plaintiff seeks to amend the complaint based upon additional information discovered since the filing of the last amended complaint. Plaintiff recently learned of a lawsuit filed by PDP correctional officer Sholonda Gregory that included factual averments relevant to Mr. Simmons *Monell* claims based upon a custom of understaffing. Plaintiff also relied on new information recently released in a federal monitor's report on conditions at PDP. *See* Remick v. City of Philadelphia, No. 2:20-cv-1959-BMS (E.D. Pa. Mar. 3, 2023) Doc. No.185.

### III. LEGAL ARGUMENT

#### a. <u>JUSTICE REQUIRES LEAVE TO AMEND THE COMPLAINT</u>

Justice requires that Plaintiffs be permitted to amend their Complaint. Under Federal Rule of Civil Procedure 15(a), District Courts have discretion to allow an amended complaint and should do so when justice so requires. Fed. R. Civ. P. 15(a); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Pleadings should be crafted to present allegations clearly so that the issue may be decided on the merits. *Foman v. Davis*, 371 U.S. 178, 181 (1962). Therefore, Rule 15 provides a "directive in favor of amendment" that must be "exercised within the context of liberal pleading rules." *Mullin v. Balicki*, 875 F.3d 140, 150 (3d Cir. 2017) (quoting *Berkshire Fashions, Inc. v. The M.V. Hakusan II*, 954 F.2d 874, 886 (3d Cir. 1992)); see also *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006) ("Federal Rule of Civil Procedure 15 embodies a liberal approach to pleading."). A request to amend "must generally be granted unless equitable considerations render it otherwise unjust"; such considerations include "undue delay, bad faith,

and futility." Id. at 204 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993)).

Plaintiffs seek to amend the Complaint to ensure that it more clearly incorporates the entirety of the issues being litigated. These issues, including Commissioner Blanche Carney's and Warden Farrell's role in understaffing the Philadelphia Department of Prisons, and failing to train, supervise, and discipline staff, are directly related to and arise from the issues described in the prior Amended Complaint. Their inclusion in an Amended Complaint will more properly "facilitate a discussion on the merits." *Foman*, 371 U.S. at 182.

The Amended Complaint clearly outlines the facts and issues, and the new information detailed above helps to support Mr. Simmons' factual allegations. Granting leave to file the amended complaint will put all the relevant issues already being discussed squarely before the Court for proper consideration.

      b.  <u>DEFENDANTS WILL NOT BE UNDULY PREJUDICED THE AMENDING OF THE COMPLAINT</u>

The Court should grant leave to amend the Complaint because Plaintiffs' request does not prejudice the Defendants. Plaintiffs' have not engaged in any of the behavior that would give a court pause, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc." *Foman*, 371 U.S. at 182. Counsel for Mr. Simmons has not repeatedly failed to cure deficiencies, as the Amendment attached as Exhibit A is only the second amendment of Mr. Simmons's lawsuit wherein he received the aid of counsel, and the first was only to add in the names of the John Doe defendants to avoid timeliness issues related to the statute of limitations.  Further, the issues

outlined in the Amended Complaint are no surprise to the Defendants, as Defendants had known of these facts and the Amended Complaint merely sets these facts out in greater specificity. Finally, the parties have not yet begun the discovery process and are still in the early stages of litigation.

A Motion to Dismiss Plaintiff's Amended Complaint is currently pending before this Court but has not yet been decided. Therefore, Mr. Simmons seeks to amend their pleadings before a ruling is issued on the pending Motion.[2] Doing so would not unduly increase discovery or delay a trial. Additionally, Defendants should have been aware this amendment would be at issue.

## IV. CONCLUSION

Wherefore, Plaintiff respectfully request that the Court grant leave to file the Amended Complaint.

Respectfully submitted,

| **MCELDREW PURTELL** | **ABOLITIONIST LAW CENTER** |
|---|---|
| /S/ Colin S. Haviland | /S/ Nia O. Holston |
| Colin S. Haviland, Esq. | Nia O. Holston, Esq. |
| John J. Coyle, Esq. | Bret D. Grote, Esq. |
| 123 South Broad Street | PO Box 8654 |
| Suite 2250 | Pittsburgh, PA 15221 |
| Philadelphia, PA 19109 | t: (267) 357-0948 |
| t: (215) 545-8800 | nia@alcenter.org |
| chaviland@mceldrewpurtell.com | bretgrote@abolitionistlawcenter.org |
| jcoyle@ mceldrewpurtell.com | |

---

[2] Plaintiff filed a Response in Opposition and Defendants' filed a Motion for Leave to file a Reply Brief. See Doc. No 43 and 45.

## **CERTIFICATE OF SERVICE**

I, Colin Haviland, hereby certify that a true and correct copy of Plaintiff's Third Amended Complaint was served upon counsel for Defendants via ECF on May 22, 2023.

**McEldrew Purtell**

*/s/ Colin S. Haviland*
Colin S. Haviland, Esq.
John J. Coyle, Esq.
123 S. Broad Street
Suite 2250
Phila, PA 19109
T: 215-545-8800
chaviland@mceldrewpurtell.com
jcoyle@mceldrewpurtell.com

DATE:   May 22, 2023