**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH SIMMONS,** | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 22-1644** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2023, upon consideration of the Plaintiff's Motion for Leave to File a Fourth Amended Complaint, Defendants' opposition thereto, and Plaintiff's Reply, if any, it is **HEREBY ORDERED** that the Motion is **DENIED.**

BY THE COURT:

_____
JOHN M. GALLAGHER, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH SIMMONS,** | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 22-1644** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

**<u>DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A
FOURTH AMENDED COMPLAINT</u>**

Defendants City of Philadelphia, Warden Michele Farrell, and Prison Commissioner

Blanche Carney ("Moving Defendants"), by and through the undersigned counsel, hereby file

this Response in Opposition to Plaintiff's Motion for Leave to File a Fourth Amended

Complaint, pursuant to Federal Rule of Civil Procedure 15. In support of this Motion, Moving

Defendants incorporate the attached Memorandum of Law. Moving Defendants respectfully

request that this Court deny Plaintiff's motion.


May 24, 2023                                    Respectfully submitted,


                                                /s/ Kathryn Faris
                                                Kathryn Faris
                                                Deputy City Solicitor
                                                Pa. Attorney ID No. 318580
                                                City of Philadelphia Law Department
                                                1515 Arch Street, 14th Floor
                                                Philadelphia, PA 19102
                                                215-683-5445 (Phone)
                                                215-683-5397 (Fax)
                                                Kathryn.faris@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSEPH SIMMONS, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| v. | : | **No. 22-1644** |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT

The Federal Rules of Civil Procedure allow a plaintiff to amend a complaint once as a matter of course. Having availed himself of that opportunity not once but thrice – and thus having already required Defendants to participate in two rounds of motions to dismiss briefing (ECF 32 and ECF 42) – Plaintiff now seeks leave to file a proposed Fourth Amended Complaint, with Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint fully briefed and pending.

Plaintiff contends that he seeks leave to amend because of new discovery of additional facts; however, upon closer review, those facts were reasonably within knowledge of Plaintiff's counsel for over a year before leave was sought to amend. The attempt to amend a fourth time is prejudicial to Defendants, who have briefed two separate Motions to Dismiss. While Defendants are certainly cognizant of the instruction that leave to amend should be freely granted, Defendants respectfully submit that such leave is not warranted by the pleading history of this case and is not supported by the putative "new evidence" identified by Plaintiff. For the reasons that follow, Plaintiff's motion should be denied.

### I.    LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Because more than 21 days have passed since Plaintiffs filed their original Complaint in this action and Plaintiff has already availed himself of their opportunity to amend, not just once, as a matter of course but three times, Plaintiff was required to obtain Defendants' consent or leave of Court for further amendment. *See* Fed. R. Civ. P. 15(a)(2). Defendants' denied consent to file a Fourth Amended Complaint on May 18, 2023. Plaintiff filed a Motion for Leave to Amend on May 22, 2023.

Rule 15(a)(2) states "leave to amend should be freely given," however, "a district court has discretion to deny a request to amend if it is again apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003), as amended (Jan. 20, 2004)) (internal quotation marks omitted). In conducting this analysis, "[a] court has broader discretion to deny leave to amend where the requesting party has already had an opportunity to amend the complaint." *Id*. (*citing Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir. 2000).

## II.   <u>ARGUMENT</u>

Defendants oppose Plaintiff's request to amend the Complaint for a fourth time because the record demonstrates undue delay, amendment would be futile, and amendment would be prejudicial to Defendants. *Fraser,* 352 F.3d 107, 119. For the reasons that follow, Defendants respectfully request that the Court deny Plaintiff's request to amend the Complaint a fourth time.

A.     **The Record Demonstrates Undue Delay Because Allegedly  New Information Was Available to Plaintiff's Counsel for Over a Year before Filing Leave to Amend.**

Plaintiff identifies two items that he claims is newly found information in support of yet another amendment to his operative pleading. The first is information from a lawsuit filed by Sholonda Gregroy and the second is an updated report from the federal monitor in the *Remick* litigation. Neither of these items provides newfound information supportive of Plaintiff's pleadings. Further, and as will be discussed more fully below, these items do not contain necessary facts for the Court to consider the merits of the averments in the Third Amended Complaint, which makes amendment futile.

In moving for permission to amend, Plaintiff contends that litigation filed by a former PDP employee named Sholanda Gregory adds material information to Plaintiff's understaffing claim; however, the information provided regarding the lawsuit by Sholanda Gregory is not new information. Plaintiff's proposed Fourth Amended Complaint merely adds one paragraph that Ms. Gregory alleges,

> In or about May 2016, long before COVID was an issue, Commissioner Carney drastically cut the budget for regular prisons operations and diverted funds to Corizon Health; GD Correctional Food Services; U.S. Facilities; Centurion Detention Health Services and other vendors at the expense of investment in staff and infrastructure needed to assure good order and humane conditions. Commissioner Carney closed two jails –the Detention Center and the House of Corrections; more prisoners were packed into smaller space. The census was up when she closed the jails. Officers were forced to change shifts and a mass resignation began at that time. The strain on the system became apparent.

*See* ECF 49, Ex. A at ¶ 86. While Ms. Gregory has newly filed suit, she authored a letter that forms the basis of her putative whistleblower complaint, which appears to have been in the possession of Plaintiff's counsel for well over a year.  Notably, Plaintiff's counsel also represents the plaintiffs in the *Remick* litigation and, in a March 21, 2022 filing, identified the open letter of Sholanda Gregory as an exhibit. *See* Plaintiff's Exhibit List for *Remick* 20-1959 Doc. 160 at 3, attached

hereto as Ex. A. As a result, this information is not newly discovered and demonstrates undue delay in contravention of *Fraser*. 352 F.3d 107, 119.

Similarly unavailing is Plaintiff's identification of the updated report from the federal monitor in the *Remick* litigation as newfound evidence. Despite arguing that the information in the monitor's report "provides alarming data concerning staffing and the retention of officers, providing undenable evidence of systemic issues within the PDP facilities," the only citation to that report in Plaintiff's proposed Fourth Amended Complaint is a statistic that only 36 of 228 applicants were hired by PDP in 2020. *See* ECF 49, Ex. A at ¶ 91. This lone statistic, which lacks any context, is not substantially different from the information Plaintiff cited from the "Rhynhart Report" and the expert report in *Remick*, which Plaintiff cites in his Third Amended Complaint. *See* 3rd Am. Cpl. at ¶¶ 71-93. Specifically, Plaintiff previously averred that "data provided by PDP showed that from 2019-2021, correctional staffing declined by 440 officers and only 119 new officers were hired within that same period." *Id* at ¶ 80.

The record does not support that either of the documents proffered by Plaintiff as new evidence require amendment of the Complaint. Plaintiff had access to this information well in advance of his request to amend the Complaint. As a result, the record supports a finding that allowing a further amendment would amount to undue delay and Defendants respectfully request that the request to amend be denied.

### B.   Amendment of the Complaint Would be Futile Because the Identified Amendments Do Not Cure the Deficiencies of Plaintiff's Complaint.

This would be Plaintiff's fourth amendment, having repeatedly failed to cure deficiencies by amendments previously allowed. Counsel has conferred before each of the two previously briefed motions to dismiss in accordance with the Court's policies and procedures. Each meeting resulted in Defendants' filing a motion to dismiss after outlining the perceived deficiencies. The

proposed amendment would be futile because the Fourth Amended Complaint is subject to the same deficiencies outlined by Defendants' Motion to Dismiss the Third Amended Complaint. Plaintiff's amendments do not adequately address the issues identified with regard to 1) lack of personal involvement by Commissioner Carney, and 2) the lack of nonconclusory factual allegations to state a claim upon which relief can be granted that there was a policy, custom, or failure to train or discipline that was the direct result of the injury suffered by Plaintiff. *See* ECF 43.

The amended information provided by Sholonda Gregory's putative whistleblower suit does not factually support the averment that the City and/or Commissioner Carney had of a policy or custom of understaffing that exhibited deliberate indifference to the rights of incarcerated individuals. On the contrary, Ms. Gregory's letter and lawsuit, as quoted by Plaintiff, indicate that decisions were made to divert funding to other prison services that would similarly impact the constitutional rights of the detained persons, including healthcare services, food services, and maintenance. *See* ECF 49, Ex. A at ¶ 86. A decision to divert resources to address multiple areas of constitutional important certainly does not factually support Plaintiff's claim that the decision was made with deliberate indifference to Plaintiff's constitutional rights. As a result, an amendment to include the information from the Gregory lawsuit would be futile because this information does not cure the deficiencies of Plaintiff's understaffing claim.

Turning to the federal monitor's report in *Remick,* the information contained in the monitor's second report does nothing to bolster the averments and allegations contained in Plaintiff's Third or proposed Fourth Amended Complaint. The monitor's report focuses on the *current efforts* of the Philadelphia Department of Prisons ("PDP") to become substantially compliant with the agreement between the parties. *See* Monitor's Second Report, 20-1959 ECF Doc. 185, attached

hereto as Ex. B. As a result, the information contained in the monitor's report largely does not support a claim for understaffing with deliberate indifference *prior to* the injuries sustained by Plaintiff.

In fact, the only citation to the second report in Plaintiff's proposed Fourth Amended Complaint is a statistic that only 36 of 228 applicants in 2020 were hired by PDP in 2020. *See* ECF 49, Ex. A at ¶ 91. This averment, which does not contain new information, does not provide any context for the low recruitment yield or provide any factual averments that contribute to Plaintiff's understaffing claim. This single additional averment does not cure the deficiencies of Plaintiff's understaffing claim, which would render amendment based upon this information futile.

### C.   Amendment of the Complaint is Prejudicial to Defendants, Who Have Already Invested Significant Resources Into Dispositive Briefings.

Defendants will be prejudiced if Plaintiff is permitted to amend his complaint a fourth time because Defendants have already expended significant resources in previously briefing Motions to Dismiss in compliance with the Court's policies and procedures. Here, Plaintiff initiated the filing *pro se* in November 2021. ECF 1. He received counsel, who amended the Complaint in December 2022. ECF 23. Defendants filed a Motion to Dismiss the Second Amended Complaint after conferring with counsel, per the policies and procedures of the Court. ECF 42. Nevertheless and after fully briefing the motion to dismiss, counsel sought leave to amend to file a Third Amended Complaint in March 2023. ECF 34. Defendants did not oppose that filing, resulting in the Third Amended Complaint. ECF 36. Following that Third Amended Complaint, Defendants again met and conferred with Plaintiff's counsel regarding the perceived deficiencies in the Complaint. Defendants then filed a fully briefed Motion to Dismiss the Third Amended Complaint. ECF 43. Plaintiff responded in opposition and raised a new claim for supervisory liability in that response. ECF 45. Defendants sought leave to file a reply in support of their motion, which is still

pending consideration. ECF 46. Now Plaintiff seeks to file a Fourth Amended Complaint. ECF 49.

Plaintiff claims that Defendants "should have been aware this amendment would be at issue" without stating any reason that Defendants would be on notice of these facts. *See* ECF 49 at 7-8. However, as discussed above, the "newfound information" tendered by Plaintiff is neither new nor supportive of the claims at issue. Should Plaintiff's amendment be permitted, Defendants will be forced to file a third motion to dismiss based upon the fact that  because, as set out more fully above and in Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint (ECF 43), the proposed amendments do not cure the defects in the Complaint.

Moreover, Defendants will be prejudiced if Plaintiff seeks to file leave to amend every time a new monitor's report comes out in the *Remick* litigation. If Plaintiff is permitted to amend with each newly filed report, his litigation should, instead, simply be stayed until such time as the *Remick* monitors complete their involvement. Otherwise, this litigation will be subject to amendment every few months, which would certainly prejudicial to Defendants. Defendants respectfully request the Court deny Plaintiff's request to amend a fourth time.

### III.   <u>CONCLUSION</u>

For the foregoing reasons Defendants request that leave to amend be denied. Amendment is not required by the interests of justice and would be unduly prejudicial to Defendants who have expended significant resources briefing a motion to dismiss the pending complaint.


May 26, 2023                                         Respectfully submitted,


                                                    <u>/s/ Kathryn Faris</u>
                                                    Kathryn Faris
                                                    Deputy City Solicitor
                                                    Pa. Attorney ID No. 318580
                                                    City of Philadelphia Law Department
                                                    1515 Arch Street, 14th Floor

Philadelphia, PA 19102
215-683-5445 (Phone)
215-683-5397 (Fax)
Kathryn.faris@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSEPH SIMMONS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | **Civil Action** |
| v. | : | **No. 22-1644** |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, the foregoing Response in Opposition to

Plaintiff's Motion to Amend, brought by Defendants was filed via the Court's electronic filing

system and is available for viewing and downloading.

/s/ Kathryn Faris
Kathryn Faris
Deputy City Solicitor
Pa. Attorney ID No. 318580
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5445 (Phone)
215-683-5397 (Fax)
Kathryn.faris@phila.gov

Date: May 26, 2023