IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH SIMMONS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | No. 22-1644 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**Reply to Defendants' Response to Plaintiff's Motion for Leave to Amend**

I.   Introduction

Plaintiff Joseph Simmons, by and through his undersigned counsel, replies in brief to Defendants' arguments against the Court granting Plaintiff Leave to Amend. Mr. Simmons seeks amendment to support existing claims against existing parties by providing additional context aided by a recently docketed opinion. Defendants are not unduly prejudiced by this amendment; rather, the interests of justice are furthered by permitting Mr. Simmons' proposed amendment. In the end, Mr. Simmons' amendment is not futile or prejudicial. Therefore, leave to amend should be granted.

II.   Argument

Denial of leave to amend is disfavored; a Court should grant leave absent a substantial reason to deny. Moore's Federal Practice, 3 ed., vol. 3, 15.14(1); *see also Shane v. Fauver*, 213 F.3d 113, 115-117 (3d Cir. 2000). Responding Defendants argue that further amendment of Mr. Simmons' complaint is unjust.  Defendants provide three bases for this contention: 1) that further

amendment would be futile; 2) that further amendment would result in undue delay; and 3) that further amendment is prejudicial to the Defendants. But, further amendment of the complaint is not futile; Mr. Simmons' complaint satisfies the liberal pleading standards of the Federal Rules of Civil Procedure. Further amendment has also not caused undue delay as contemplated by the Third Circuit in *Fraser v. Nationwide Mut. Ins. Co.*, 232 F.3d, 119 (3rd Cir. 2003) or *Long v. Wilson*, 393 F.3d. 390, 400 (3d. Cir. 2004). And, an amendment is not prejudicial because it requires a party to invest additional resources in litigation prior to the initiation of discovery.

### A. Plaintiff's amendments are not futile and adequately plead claims against moving Defendants.

This matter remains in the pleadings stage, and the Court has not yet ruled on the adequacy of Mr. Simmons' amended complaints. Mr. Simmons's amendments have been formulated to advance the factual narrative, add recently identified parties, and clarify claims. The instant amendments incorporate recently Rule 11-verified and docketed representations from two concurrent litigations in the Eastern District. *Sholonda Gregory v. City of Philadelphia*, No. 2:22-cv-00929-BMS (E.D. Pa. Nov. 3, 2022); *Remick v. City of Philadelphia*, No. 2-20-cv-1959-BMS (E.D. Pa. Mar. 3, 2023). These concurrent litigations similarly challenge the conduct of the Philadelphia Department of Prisons (PDP) and City of Philadelphia official policymakers and provide additional support for the adequacy of Mr. Simmons' pleadings. The amendments also provide additional allegations regarding Defendants' failure to train, supervise, and discipline employees.

Defendants argue without citation to authority that the amendment to include information from the Gregory lawsuit would be futile because it indicates a "decision to divert resources to address multiple areas of constitutional import." Def. Resp. at 6, Docket No. 50. However, Mr. Simmons' amendments drawn from the Gregory lawsuit undercut Defendants' assertion that

"Plaintiff alleges no specific statements or other actions on the part of City policymakers that would…suggest that a decision was made to understaff or that decisionmakers were deliberately indifferent." Def. Mtn. at 8.

Plaintiffs' proposed amendments also respond to the recent ruling of the Diaz court. *Diaz v. City of Philadelphia*, No. 22-cv-3286, ---F. Supp. 3d ---, 2023 WL. 3011340 (E.D. Pa. Apr 20, 2023). The *Diaz* opinion, a ruling on a 12(b)(6) Motion to Dismiss, was docketed *after* parties had an opportunity to meet and confer on Defendants' most recent motion to dismiss. Docket No. 43 (4/04/2023). Mr. Simmons' proposed amendments distinguish his case from that of *Diaz* and provide support for the plausibility of the claims against moving defendants.

Mr. Simmons' amended facts alleging an official custom or practice is distinguishable from the controlling facts in *Diaz*. The *Diaz* opinion relies on the timing and location of Mr. Diaz's death compared to the other four homicides at PDP institutions to find that understaffing was not the "moving force behind the resulting injury." *Id*. Unlike Mr. Diaz, who was murdered in August 2020 at the PDP Detention Center, Mr. Simmons was assaulted in February 2021 in Curran-Fromhold Correctional Facility following a string of brutal assaults and other emergencies that occurred in the same facility and all caused by prison understaffing. Plaintiff's Proposed Amended Complaint ¶¶ 137, 147-150, 166, 170-172.

Mr. Simmons' amended allegations also provide sufficient facts to connect his assault to other incidents establishing that the custom of understaffing was a legal cause of his injury. Mr. Simmons alleges that PDP staffing policies further contributed reduction in staffing levels, *Id.* ¶¶ 86-93, that the City was on notice of low staffing levels prior to 2019, *Id.* ¶¶ 74-76, 89, that before his assault the City was aware that its staffing level of COs was causing a constitutional

deprivation of incarcerated persons, *Id.* ¶¶ 116-118, and that prior to Mr. Simmons' assault the City failed to take reasonable measures to achieve proper staffing levels. *Id.* ¶¶ 124-127.

Mr. Simmons' amendment further supports his failure to train, discipline, and supervise theories of *Monell* liability. Responding Defendants' do not address those details in their futility argument. Defs. Resp. Docket No. 50. Nonetheless, Mr. Simmons' failure to train allegations are sufficiently pled to establish that policymakers' failures to train, supervise, and discipline their officers led to Officer Wilson's decision to leave his post without responding to the obvious emergency at hand.

**B. Plaintiff's amendments do not cause undue delay by the standards adopted by the Third Circuit Court of Appeals.**

The Third Circuit endorsed an approach for evaluating delay by asking if the proposed amendments 1) require significant additional resources to *conduct discovery or prepare for trial*; 2) significantly delay the resolution of the dispute; or 3) prevent the plaintiff from brining a timely action in another jurisdiction. *Long*, 393 F.3d at 400 (emphasis added). None of these factors apply here as Mr. Simmons' matter remains in the pleading stage. Additional amendment has the potential to focus the issues and disputes before the Court and hasten resolution. The concerns highlighted in *Fraser v. Nationwide Mut. Ins. Co.* do not support the Court's denial of leave to amend because granting leave would not prejudice Defendants' presentation of their case. 352 F.3d 107 116 (3d Cir. 2003) (Finding undue delay because a party sought leave to amend days prior to defendant's deadline for filing a motion for summary judgment thereby prejudicing the defense.).

Another touchstone for courts evaluating of undue delay is the party's motives for not amending earlier. *Synthes, Inc. v. Marotta*, 2012 WL 748758 (E.D. Pa. Mar. 6, 2012). Mr. Simmons became aware of Sholonda Gregory's detailed claims on Defendants' role in

understaffing the facilities after she filed her complaint. Ms. Gregory's complaint provides allegations not included in her public letter. Attached as "**Exhibit A.**" Ms. Gregory's complaint alleges that PDP officials and policymakers were aware of and *caused* the low staffing levels at the Philadelphia Department of Prisons beginning in at least 2016, well before the start of the COVID-19 pandemic. *Sholonda Gregory v. City of Philadelphia*, No. 2:22-cv-00929-BMS (E.D. Pa. Nov. 3, 2022) Docket No. 17. Mr. Simmons gains no improper strategic advantage by seeking amendment at this stage.

    C. **Plaintiff's amendments do not prejudice Responding Defendant's substantially enough to overcome the liberal standard for granting leave to amend.**

While it is true that Mr. Simmons has amended his complaint three times and now seeks leave for a fourth, his complaint and its initial amendment were filed without benefit of counsel. Since that time, responding Defendants have consented to amendment on two prior occasions. Docket Nos. 23, 35. One of the amendments substituted John Does for correctional employees once their identity became known to Mr. Simmons. Docket Nos. 35, 37.

Responding Defendants argue that Mr. Simmons' amendment prejudices them because they have "already expended significant resources" in the litigation of this matter. This argument is unavailing and elides the proper focus of the prejudice analysis in the leave to amend context. Prejudice in terms of leave to amend has been described as "undue difficulty in defending a lawsuit as a result of a change in tactics or theories on the part of the other party" that "would result in additional discovery, cost and preparation to defend against new facts or theories." *Heraeus Med. GmbH v. Esschem, Inc.*, Civil Action No. 14-5169; 321 F.R.D. 215, 217-218; 2017 U.S. Dist. LEXIS 86365 **4 (E.D. of Pa June 6, 2017) (internal citations omitted). By this standard, Defendants are not prejudiced by amendment leading to further motion practice during the pleading stage.

Finally, Defendants' asserted prejudice is further belied by their additional supplemental briefing concerning the *Diaz* matter. Because the opinion was docketed after parties most recently met and conferred, justice demands that Mr. Simmons be given an opportunity to address the reasoning of the opinion. Docket No. 46.

### III.     Conclusion

For the foregoing reasons Plaintiff's Motion for Leave to Amend should be granted as to do so is in the interest of justice.

Respectfully submitted,

| MCELDREW PURTELL | ABOLITIONIST LAW CENTER |
|---|---|
| /S/ Colin S. Haviland | /S/ Nia O. Holston |
| Colin S. Haviland, Esq. | Nia O. Holston, Esq. |
| John J. Coyle, Esq. | Bret D. Grote, Esq. |
| 123 South Broad Street | PO Box 8654 |
| Suite 2250 | Pittsburgh, PA 15221 |
| Philadelphia, PA 19109 | t: (267) 357-0948 |
| t: (215) 545-8800 | nia@alcenter.org |
| chaviland@mceldrewpurtell.com | bretgrote@abolitionistlawcenter.org |
| jcoyle@ mceldrewpurtell.com | |

Date: June 01, 2023