IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JOSEPH SIMMONS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | No. 22-1644 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM

Defendants, City of Philadelphia ("City"), Warden Michelle Farrell, and Commissioner Blanche Carney hereby file this Reply Brief in Support of Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint. As set forth below, Defendants' Motion to Dismiss for Failure to State a Claim should be granted. Plaintiff's argument that the *Monell* issue is not ripe for consideration is belied by decisions from another district court. Similarly, his claim that he has adequately plead a *Monell* claim for understaffing is undercut by the same series of district court opinions. Plaintiff's claim that he has adequately plead deliberate indifference is contradicted by the averments raised in his very filing. Finally, Plaintiff raises, for the first time in his response in opposition to the motion to dismiss, a theory of supervisory liability against Commissioner Carney in her individual capacity, which is both improper and inadequately plead.

Plaintiff argues first that the issues raised with regard to the pleading deficiencies identified in his Third Amended Complaint are not ripe for review and that he has adequately plead facts demonstrating an understaffing claim. Both arguments are unavailing. First, similar issues have been resolved at the pleading stage including, most recently, when a court in this district twice

dismissed a municipal liability claim premised on allegations of understaffing substantially similar to those pled by Plaintiff here. *See Diaz v. City of Phila.*, No. 22-cv-3286, 2022 WL 16553385, at *5 (E.D. Pa. Oct. 31, 2022) (Robreno, J.) ("*Diaz I*"); *Diaz v. City of Phila*, No. 22-cv-3286, --- F. Supp. 3d ---, 2023 WL 3011340, at *3–8 (E.D. Pa. Apr. 20, 2023) ("*Diaz II*"). Second, the allegations raised by Plaintiff are substantially similar to those dismissed by the court in *Diaz I* and *Diaz II.*

In *Diaz I*, the Court held that the plaintiffs' municipal liability claim against the City—premised on alleged understaffing of PDP facilities—failed to state a plausible municipal liability claim, because the complaint plausibly alleged neither an official policy nor an unofficial custom of understaffing the prisons. As the Court explained:

> Plaintiffs have not alleged that the failure to hire was a <u>course of conduct</u>. Plaintiffs have alleged that the City has taken some measures that might make the occupation less desirable. *But Plaintiffs have alleged no facts that indicate that there was a particular course of conduct in which, for instance, the hiring body for the Philadelphia Department of Prisons chose to hire fewer prison guards than were required.*

*Diaz I*, 2022 WL 16553385, at *5 (underlining in original, italics added).

After giving the plaintiffs in *Diaz I* an opportunity to amend their complaint, the Court in *Diaz II* again dismissed the plaintiffs' municipal liability claim premised on an understaffing theory. As the Court further explained in *Diaz II*, despite amendment, the plaintiffs' complaint still lacked "any well-pleaded allegations that the City intentionally and with deliberate indifference . . . enacted policies that have disincentivized employee hiring or retention. *Diaz II*, 2023 WL 3011340, at *6 & n.9. And the Court further noted that, despite alleging the existence of staffing vacancies within the PDP, the plaintiffs continued to fail to set out "more than conclusory allegations that the City failed to take measures to increase staffing levels, and [that] such action or inaction was the byproduct of deliberate indifference." *Id.* at *7.

The same result flows from Plaintiff's Third Amended Complaint: while Plaintiff alleges existence of staff vacancies, he fails to allege any specific actions on the part of the City, Warden Farrell, or Commissioner Carney from which it may plausibly be inferred that the City was engaged in a permanent and well-settled course of conduct to *deliberately* staff the facilities of the PDP at a constitutionally inadequate level. Accordingly, Plaintiff's municipal liability claim and claims against Warden Farrell and Commissioner Carney premised on a theory of understaffing must be dismissed.

Plaintiff attempts to distinguish his argument from that in *Diaz* by claiming there is a difference between a failure to hire sufficient prison staff and a failure to staff the prison with an adequate number of guards. However, Plaintiff immediately concedes that hiring is inextricably tied to staffing. Furthermore, Plaintiff concedes that the City made efforts to rectify the inadequate staffing by alternating shifts and engaging in rolling recruitment and hiring. All of which fail to demonstrate deliberate indifference.

Plaintiff fails to allege with requisite specificity allegations to form the basis for his conclusion that the City failed to take any *specific* action necessary to increase staffing at PDP facilities, or took actions that would inevitably result in inadequate staffing. On the contrary, and as is suggested in many of Plaintiff's own allegations in the Third Amended Complaint, the City's good-faith efforts to staff PDP facilities were frustrated by issues beyond its control, such as correctional staff attendance and other difficulties associated with the COVID-19 pandemic. *See, e.g.*, 3d. Am. Compl. ¶ 112. Merely alleging a rise in staffing vacancies, along with instances of absenteeism during that period, without any specific allegations that show that such absenteeism was within the City's control to prevent, cannot support the existence of a *deliberate course of*

*conduct* of understaffing PDP facilities that was "so permanent and well-settled as to virtually constitute law." *Mulholland v. County of Berks,* 706 F.3d 227, 237 (3d Cir. 2013).

Similarly, Plaintiff's argument that he need not sufficiently plead factual allegations to support his failure to train theory is without merit. First it is well-settled that a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Second, Plaintiff's Third Amended Complaint lacks any specific allegations about *how* the City trained or supervised its corrections officers concerning shift changes at the time of the assault at issue, or *how specifically* such training and supervision was inadequate. *See, e.g.*, *Torres*, 2008 WL 2600314, at *5 (dismissing failure-to-train claim where the complaint "fail[ed] to specifically demonstrate how the training programs for the [defendant] police officers [were] inadequate"). Despite the bald allegation that inmates were being injured as a direct result of insufficient staffing, there is no indication how the training provided to corrections officers was inadequate.

Finally, Plaintiff raises for the first time in his briefing a theory of supervisory liability against Commissioner Carney in her individual capacity. In Count I of the Third Amended Complaint, Plaintiff alleges that individual defendants, including Commissioner Carney, created a danger that lead to Plaintiff's alleged injury. Nowhere in the eleven paragraphs related to this claim does Plaintiff state that Commissioner Carney is being sued in her individual capacity under a theory of supervisory liability. *See* 3d. Am. Compl. ¶¶ 157-168.

"[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir.1988) (alteration in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th

4

Cir.1984)); *see also Rose v. Pawlowski*, No. 21-04946, 2023 WL 2246341, at \*12, n. 3 (E.D. Pa. Feb. 27, 2023) (in a civil rights case, declining, at the motion to dismiss stage, to consider a plaintiff's arguments not raised in the complaint); *see also Cherry v. City of Philadelphia*, No. 04-1393, 2004 WL 2600684, at \*3 (E.D. Pa. Nov. 15, 2004) (in a civil rights case, declining, at the motion to dismiss stage to consider new facts raised by plaintiff in a response to a motion to dismiss). As the Third Circuit has noted, "[i]t is one thing to set forth theories in a brief; it is quite another to make proper allegations in a complaint." *PepsiCo*, 836 F.2d at 181.

As previously stated, Plaintiff's Third Amended Complaint does not allege that Defendant, Prison Commissioner Blanche Carney, was personally involved in or was aware of the specific risk that Plaintiff would be attacked. As the court observed in *Diaz I* where the plaintiff made the exact same allegations: "Plaintiffs must allege some facts other than Defendant Carney's mere knowledge of a general understaffing problem in order to state a constitutional violation." *Diaz II*, at 9. As such and consistent with established law, the Court should not consider a new theory of liability premised upon supervisory liability, which Plaintiff failed to advance in his Third Amended Complaint.

## CONCLUSION

For the reasons set forth above, the Court should dismiss Plaintiff's claims against Defendants City of Philadelphia, Warden Farrell, and Commissioner Carney for failure to state a claim.

April 28, 2023                              Respectfully submitted,

                              /s/ Kathryn Faris
                              Kathryn Faris
                              Deputy City Solicitor
                              Pa. Attorney ID No. 318580

5

City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5445 (Phone)
215-683-5397 (Fax)
Kathryn.faris@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH SIMMONS,** | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 22-1644** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, the foregoing Motion to Dismiss Plaintiff's Amended Complaint, brought by Defendants City of Philadelphia, Warden Farrell, and Commissioner Carney was filed via the Court's electronic filing system and is available for viewing and downloading.


Date: April 28, 2023


          /s/ Kathryn Faris
Kathryn Faris
Deputy City Solicitor
Pa. Attorney ID No. 318580
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5445 (Phone)
215-683-5397 (Fax)
Kathryn.faris@phila.gov