# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH SIMMONS,** : | |
| : | |
| **Plaintiff,** : | |
| : | **Civil Action** |
| v. : | **No. 22-1644** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| : | |
| **Defendants.** : | |

## ORDER

AND NOW, this _____ day of _____, 2023, upon consideration of the Motion to Dismiss Plaintiff's Fourth Amended Complaint, brought by the City of Philadelphia, Warden Michele Farrell, and Prison Commissioner Blanche Carney, it is **HEREBY ORDERED** that the Motion is **GRANTED.** The Fourth Amended Complaint is **DISMISSED WITH PREJUDICE.**

BY THE COURT:

_____
JOHN M. GALLAGHER, J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH SIMMONS,** | : |
| **Plaintiff,** | : |
| v. | : Civil Action |
| | : No. 22-1644 |
| **CITY OF PHILADELPHIA, et al.,** | : |
| **Defendants.** | : |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM

Defendants City of Philadelphia, Warden Michele Farrell, and Prison Commissioner Blanche Carney ("Moving Defendants"), by and through the undersigned counsel, hereby file this Motion to Dismiss Plaintiff's Fourth Amended Complaint for Failure to State a Claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this Motion, Moving Defendants incorporate the attached Memorandum of Law. Moving Defendants respectfully request that this Court dismiss the claims asserted against them, with prejudice.

October 24, 2023

Respectfully submitted,

/s/ Kathryn Faris
Kathryn Faris
Deputy City Solicitor
Pa. Attorney ID No. 318580
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5445 (Phone)
215-683-5397 (Fax)
Kathryn.faris@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH SIMMONS,<br><br>                **Plaintiff**,<br><br>        v.<br><br>CITY OF PHILADELPHIA, et al.,<br><br>                **Defendants.** | Civil Action<br>No. 22-1644 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

      The allegations in Plaintiff's Fourth Amended Complaint arise from injuries sustained during a tragic sexual assault suffered by the Plaintiff, Joseph Simmons, by his cellmate at the Curran-Fromhold Correctional Center (hereinafter "CFCF). As alleged in the Fourth Amended Complaint, Plaintiff was incarcerated at CFCF when, on or about February 22, 2021, he was brutally attacked by his cellmate, who was suffering decompensating mental health. *See gen.* 4th Am. Compl. ECF 56.  Plaintiff brings suit against the City of Philadelphia (the "City"), Warden Michele Farrell, and Prison Commissioner Blanche Carney (collectively, "Answering Defendants") for alleged violations of his constitutional rights. Defendants now move to dismiss each of the claims against them.

I.     **ALLEGATIONS IN THE AMENDED COMPLAINT**

      Plaintiff's Fourth Amended Complaint arises from an inmate-on-inmate assault that occurred in CFCF on or about February 22, 2021. 4th Am. Compl. ¶¶ 56-71. Plaintiff alleges that he was originally housed with his assailant cellmate in October 2020 after Plaintiff was placed in administrative segregation following discipline for use of abusive language. *Id* at ¶ 32. Plaintiff

2

alleges his cellmate had a reputation amongst prisoners and staff for unpredictable mood swings and violent tendencies. *Id* at 36. Between October and November of 2020, Plaintiff alleges that he suffered multiple physical assaults by his cellmate but did not report them immediately. *Id* at ¶¶ 39-40. Plaintiff claims that at some point in December 2020 he reported to an unnamed correctional officer that he was fearful for his safety with his cellmate. *Id* at 41. Plaintiff alleges that despite his concerns, he was still housed with the same cellmate in February 2021. *Id* at 42. Plaintiff's concerns peaked on February 22, 2021 when he pressed his cell's emergency call button at 10:00 pm and told Corrections Officer Wilson that he feared for his life and was in imminent danger. *Id* at ¶ 49.

According to the Fourth Amended Complaint, Officer Wilson was the only staff member on duty in the unit on February 22, 2021 during the evening hours. *Id* at ¶ 50. Plaintiff alleges that, despite his reports, Officer Wilson did nothing to assist Plaintiff but stated he would log the concerns and advise his sergeant and lieutenant of the same. *Id* at ¶ 51. Plaintiff then alleges that Officer Wilson left the unit and that no other correctional officer came to relieve him. *Id* at ¶ 52.

Plaintiff alleges that throughout the night, no correctional staff was on duty in the unit, thus allowing Plaintiff to be victimized by his cellmate for several hours without intervention. *Id* at ¶¶ 53-69. As a result of the attack, Plaintiff suffered a chipped tooth, a human bite mark to his face, a sprained wrist, and swollen genitals. *Id* at ¶ 74. Plaintiff alleges that the next morning, when a corrections officer interacted with Plaintiff and his cellmate, Plaintiff did not report the attack out of fear for his safety. *Id.* Later that day, Plaintiff allegedly reported the attack to unnamed correctional staff and requested medical attention from the same. *Id* at ¶ 75.

Plaintiff alleges he filed a grievance and wrote to Defendant Commissioner Carney to follow up on the same. *Id* at ¶ 77. Defendant Carney replied to Plaintiff's letter that no grievance was in the system and that she would refer his allegations for investigation. *Id* at ¶ 78.

Plaintiff's Fourth Amended Complaint alleges that the Philadelphia Department of Prisons ("PDP") has, "[f]or years . . . displayed a consistent and systemic failure to maintain proper staffing practices, resulting in a significant understaffing leading to an increase in inmate deaths directly related to the lack of supervision." *Id.* at ¶ 80. The Fourth Amended Complaint contains allegations that there were staffing shortages at the facilities of the PDP, and that certain officials acknowledged these shortages. *See id.* ¶¶ 83-115. Yet, as explained further below, the Fourth Amended Complaint does not allege a deliberate course of conduct on the part of the City to understaff PDP facilities or actions by the City's decisionmakers to adequately plead that the Moving Defendants were deliberately indifferent. *See id.*

Plaintiff brings the following claims under 42 U.S.C. § 1983 against Moving Defendants: a failure-to-intervene claim in violation of the Fourteenth Amendment against all individual defendants (Count I); and a municipal liability claim against the City of Philadelphia (Count II). Moving Defendants now request dismissal of Plaintiff's claims against them in their entirety. Notably, Plaintiff brings these claims against Moving Defendants Farrell and Carney in their individual capacities.

## II. **LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See id.* Put differently, while a court should accept the truth

4

of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted).

### III. ARGUMENT

Plaintiff brings two claims in his Fourth Amended Complaint against Moving Defendants under 42 U.S.C. § 1983: a failure-to-intervene claim in violation of the Fourteenth Amendment against all individual defendants (Count I); and a municipal liability claim against the City of Philadelphia and Answering Defendants in their individual capacities (Count II). Moving Defendants now move to dismiss Plaintiff's claims against them in their entirety for failure to state a claim. Defendants address each claim as follows.

> **A. Counts I and II Should be Dismissed Against Defendants Farrell and Carney Because There are No Allegations that Either had Personal Involvement, as Required to State a Claim Against Them.**

Plaintiff's Fourth Amended Complaint does not allege that Defendants, Warden Michelle Farrell or Prison Commissioner Blanche Carney, were personally involved in or aware of the specific risk that Plaintiff would be attacked. A municipal official sued in his or her individual capacity, such as Warden Farrell and Commissioner Carney, cannot be held vicariously liable for the constitutional violations of the employees that the official supervises. *See Jean v. City of Philadelphia,* No. CV 22-433, 2023 WL 4378865 (E.D. Pa. July 7, 2023); *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Iqbal*, 556 U.S. at 676 (2009) (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Moreover, Plaintiff fails to allege sufficient facts that demonstrate that either Defendant Warden Farrell or Defendant Commissioner Carney were responsible for the hiring practices of PDP. *Jean v. City of Philadelphia,* No. CV 22-433, 2023 WL 4378865 at (E.D.

Pa. July 7, 2023).

Accordingly, Counts I and II should be dismissed against Moving Defendants in their individual capacities. To the extent that Plaintiff seeks to hold them liable as policymakers for the City, the claim fails for the same reason as the municipal liability claim (Count II) against the City under *Monell*, which reason is discussed below.

### B. Count II Should be Dismissed Because Plaintiff's Complaint Fails to Allege a Cognizable Claim of Municipal Liability Against the Moving Defendants Under 42 U.S.C. § 1983.

Plaintiff's Fourth Amended Complaint still lacks nonconclusory allegations plausibly supporting the conclusion that, in February 2021, the City had any policy, practice, or custom that was the moving force behind Plaintiff's alleged constitutional injury. Plaintiff identifies a number of alleged deficiencies, while running through a kitchen sink of high-level theories of *Monell*, without averments that demonstrate these deficiencies were part of a deliberate course of conduct or the result of acquiescence to a pattern of behavior, as required to adequately plead a *Monell* claim.

A municipality, such as the City, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) ("*Monell*"). Rather, "it is when execution of a government's policy . . . inflicts the injury that the government as an entity is responsible under § 1983." *Id.*; *see also Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) ("Section 1983 does not permit a municipality to be held vicariously liable for the acts of its employees"). To survive the pleading stage in a § 1983 claim against the City, a plaintiff must allege that (1) a constitutionally-protected right has been violated and (2) the alleged violation resulted from a municipal policy or custom that exhibits deliberate indifference to rights of citizens. *Monell*, 436 U.S. at 694–95.

In adjudicating *Monell* claims, "courts have recognized a two-path track to municipal liability under § 1983, depending on whether the allegation is based on municipal policy or custom." *Mulholland*, 706 F.3d at 237 (citations and quotations omitted). A policy occurs when a decisionmaker with final authority "issues an official proclamation, policy, or edict," while a custom occurs when practices are "so permanent and well-settled as to virtually constitute law." *See id.* (citations and quotations omitted). A complaint must include "specific factual allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom." *See Torres v. City of Allentown*, No. 07-1934, 2008 WL 2600314, at *5 (E.D. Pa. June 30, 2008) (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)). And to bring a § 1983 municipal liability claim under *Monell*, Plaintiff must present evidence that a "policy or custom of [the City of Philadelphia] was the 'moving force' behind a violation of his [constitutional] rights." *Clark v. Regional Medical First Correctional*, 360 F. App'x 268, 269 (3d Cir. 2010).

Here, the Fourth Amended Complaint fails to allege facts to support a plausible inference that Plaintiff's injury was the result of a specific custom by Warden Farrell, Commissioner Carney, or the City of failure to train, supervise or discipline its employees, or to engage in a course of conduct to understaff PDP facilities. *See Diaz v. City of Phila.*, No. 22-cv-3286, 2022 WL 16553385, at *5 (E.D. Pa. Oct. 31, 2022) (Robreno, J.) ("*Diaz I*"); *Diaz v. City of Phila*, No. 22-cv-3286, --- F. Supp. 3d ---, 2023 WL 3011340, at *3–8 (E.D. Pa. Apr. 20, 2023) ("*Diaz II*").

### 1. Plaintiff Fails to Sufficiently Plead A Failure to Train, Supervise, or Discipline Claim

Plaintiff alleges in conclusory fashion that the City "was deliberately indifferent to the need to train, supervise, and discipline correctional officers." 4th Am. Compl. at ¶ 198. Plaintiff's failure to train, supervise, or discipline claims are deficiently plead because there are no facts in the Amended Complaint regarding any attempts to identify whether or how the City trains its

7

employees in relation to understaffing, nor does the Fourth Amended Complaint allege patterns of conduct by specific employees that puts the City on notice that those employees require specific supervision or discipline.

As such, the Fourth Amended Complaint is insufficient because it "lacks any specific factual allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom" and that it "fails to specifically demonstrate how the training programs for the police officers [were] inadequate." *Torres*, 2008 WL 2600314, at *5 (finding dismissal appropriate where the plaintiff's complaint alleged that Allentown "did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct, and that this policy/custom exhibited deliberate indifference to her constitutional rights."), *and Kirksey v. Ross,* 372 F. Supp. 3d 256, 263 (E.D. Pa. 2019) ("[F]ailure-to-discipline claims require a pattern: a city may be liable for its failure to discipline an officer after multiple complaints against him, particularly where the prior conduct which the officer engaged in is similar to the conduct which forms the basis for the suit." (emphasis added) (internal quotation marks omitted)).

While Plaintiff's Fourth Amended Complaint includes sections referencing the *Remick* litigation and reports (¶ ¶ 116-136), statements from incarcerated individuals (¶ ¶ 137-146) and individual cases of death and/or violence(¶¶ 147-180), Plaintiff fails to include any facts about courses of training or to connect any of these sections to a failure to train by the City. As a result, these pleading deficiencies necessitate dismissal of Plaintiff's failure to train theory of municipal liability.

### 2. Plaintiff Fails to Plead Sufficient Facts to Substantiate His Theory that Prison Understaffing Was the Result of a Municipal Policy or Custom.

Plaintiff generally alleges that the City engaged had a policy or practice of understaffing the PDP facilities. 4th Am. Compl. at ¶ 197. But in support of this bald conclusion, Plaintiff alleges no specific statements or other actions on the part of City policymakers that would even plausibly suggest a course of conduct to deliberately understaff the facilities.

For this very reason, a court in this district twice dismissed a municipal liability claim premised on allegations of understaffing substantially similar to those pled by Plaintiff here. *See Diaz v. City of Philadelphia. No. 22-cv-3286, 2022 WL 16553385, at \*5 (E.D. Pa. Oct. 31, 2022) (Robreno, J.) ("Diaz I"); Diaz v. City of Phila, No. 22-cv-3286, --- F. Supp. 3d ---, 2023 WL 3011340, at \*3–8 (E.D. Pa. Apr. 20, 2023) ("Diaz II"). Diaz I* held that the plaintiffs' municipal liability claim against the City—premised on alleged understaffing of PDP facilities—failed to state a plausible municipal liability claim, because the complaint plausibly alleged neither an official policy nor an unofficial custom of understaffing the prisons. As the Court explained:

> Plaintiffs have not alleged that the failure to hire was a <u>course of conduct</u>. Plaintiffs have alleged that the City has taken some measures that might make the occupation less desirable. *But Plaintiffs have alleged no facts that indicate that there was a particular course of conduct in which, for instance, the hiring body for the Philadelphia Department of Prisons chose to hire fewer prison guards than were required.*

*Diaz I*, 2022 WL 16553385, at \*5 (underlining in original, italics added).

After giving the plaintiffs in *Diaz* an opportunity to amend their complaint, the Court in *Diaz II* again dismissed the plaintiffs' municipal liability claim premised on an understaffing theory. As the Court further explained in *Diaz*, despite amendment, the plaintiffs' complaint still lacked "any well-pleaded allegations that the City intentionally and with deliberate indifference . . . enacted policies that have disincentivized employee hiring or retention." *Diaz II*, 2023 WL 3011340, at \*6 & n.9. And the Court further noted that, despite alleging the existence of staffing vacancies within the PDP, the plaintiffs continued to fail to set out "more than conclusory

9

allegations that the City failed to take measures to increase staffing levels, and [that] such action or inaction was the byproduct of deliberate indifference." *Id.* at *7.

To be sure, Plaintiff alleges here that former Commissioner Leon King implemented an overtime policy that led to attrition (*Id* at ¶ 84*)* and that a Liuetenat within the prison system identified staffing issues that began in May 2016 when funding was diverted from operations to quality-of-life services for inmates. However, the Court rejected similar allegations in the past, finding they were not indicative of a course of conduct. In *Jean,* the Court found that the same overtime policy may have made the occupation less desirable but did not indicate a course of conduct in which "the hiring body for the Philadelphia Department of Prisons chose to hire fewer prison guards than was required." *Jean v. City of Philadelphia,* No. CV 22-433, 2023 WL 4378865 at (E.D. Pa. July 7, 2023). However, Plaintiff fails to show how the named decisionmakers, during the times relevant to his Fourth Amended Complaint, made decisions "to follow a particular course of conduct in which, for instance, the hiring body for the Philadelphia Department of Prisons chose to hire fewer prison guards than were required." *Diaz I*, 2022 WL 16553385, at *5.

Moreover, Plaintiff fails to allege facts that demonstrate deliberate indifference by the City or its policymakers. On the contrary, Plaintiff acknowledges that Commissioner Carney testified in a budget hearing before City Council, in an effort to increase funding, that the prisons were understaffed and had been for a number of years and that she and her staff had reduced posts where it was possible to do so. *Id* at ¶ 89. If anything, this allegation demonstrates that Commissioner Carney was <u>not</u> deliberately indifferent to the staffing needs, but instead sought additional funding to remediate the staffing deficiencies.

Similarly unavailing is Plaintiff's reliance on the reports from a court-appointed monitor overseeing a settlement agreement in a separate litigation involving the PDP, *see id.* ¶¶ 123-136

10

n.23, n. 24. (citing *Remick v. City of Phila.*, 20-cv-1959, Dkt. No. 181). The reports explain that these vacancies were created by the extraordinary circumstances surrounding the COVID-19 pandemic, *not* by any policy or deliberate decision on the part of the City not to fill such positions.

At most, Plaintiff's nonconclusory allegations support the conclusion that the City *could* have taken different actions to fill vacancies. However that, at best, supports a claim for *negligence*, not *deliberate indifference* as is required to support a constitutional claim under § 1983. *See, e.g.*, *Hunter v. Shouppe*, No. CIV.A. 07-74, 2007 WL 712207, at *3 (W.D. Pa. Jan. 25, 2007); *R&R adopted* 2007 WL 735487 (W.D. Pa. Mar. 7, 2007) (holding that plaintiff failed to state a claim where he did not "make any allegation that the warden was aware, or should have been aware, of any special need to provide Plaintiff with segregated housing," and explaining that plaintiff's complaint "[a]t most . . . may demonstrate an unintentional failure to anticipate violence," which "sounds, if anything, in negligence, which is not actionable under 42 U.S.C. § 1983.").

## IV. CONCLUSION

For the reasons set forth above, the Court should dismiss Plaintiff's claims against Defendants City of Philadelphia, Warden Farrell, and Commissioner Carney for failure to state a claim.

October 24, 2023            Respectfully submitted,

/s/ Kathryn Faris
Kathryn Faris
Deputy City Solicitor
Pa. Attorney ID No. 318580
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5445 (Phone)
215-683-5397 (Fax)
Kathryn.faris@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH SIMMONS,<br><br>           **Plaintiff,**<br><br>   v.<br><br>CITY OF PHILADELPHIA, et al.,<br><br>           **Defendants.** | **Civil Action<br>No. 22-1644** |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the foregoing Motion to Dismiss Plaintiff's Amended Complaint, brought by Defendants City of Philadelphia, Warden Farrell, and Commissioner Carney was filed via the Court's electronic filing system and is available for viewing and downloading.

                                                           /s/ Kathryn Faris
                                                           Kathryn Faris
                                                           Deputy City Solicitor
                                                           Pa. Attorney ID No. 318580
                                                           City of Philadelphia Law Department
                                                           1515 Arch Street, 14th Floor
                                                           Philadelphia, PA 19102
                                                           215-683-5445 (Phone)
                                                           215-683-5397 (Fax)
                                                           Kathryn.faris@phila.gov

Date: October 24, 2023