IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH SIMMONS,** | : |
| **Plaintiff,** | : |
| v. | : Civil Action<br>: No. 22-1644 |
| **CITY OF PHILADELPHIA, et al.,** | : |
| **Defendants.** | : |

**JOINT RULE 26(f) REPORT**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on March 18, 2024 and submit the following report of their meeting for the Court's consideration:

**I.     Counsel**

A. Lead counsel for Plaintiff:  John J. Coyle, Esq.

B. Lead Counsel for Defendants: Kathryn Faris, Esq.

C. Counsel who participated in Rule 26(f) conference on behalf of Plaintiff:

John J. Coyle, Esq, Colin Stuart Haviland, Esq., Nia Holston, Esq.

D. Counsel who participated in the Rule 26(f) conference on behalf of Defendants:

Kathryn Faris, Esq.

**II.     Discussion of Claims, Defenses, and Relevant Issues**

Plaintiff claims Defendants are liable to him for injuries he sustained following an assault by a fellow incarcerated person. Specifically, Plaintiff claims his 14th Amendment rights were violated because Defendants were on notice that he was at risk of being attacked and failed to protect him and further left him unsupervised with his cell mate for hours. Plaintiff claims this

violation is attributable to the City of Philadelphia due to a policy, practice, or custom of under-staffing.

Defendants deny liability because they were not on notice that Plaintiff was vulnerable to attack and did not affirmatively create such danger. The City specifically states it did not have a policy, practice, or custom of under-staffing that was the moving force behind the alleged injuries. Moreover, Plaintiff failed to file a grievance or otherwise exhaust his administrative remedies, despite what is averred by the Fourth Amended Complaint.

### III. Stipulated Facts

The parties stipulate that Plaintiff was an inmate housed at Curran-Fromhold Correctional Facility (CFCF) on February 22, 2021.

### IV. Jurisdiction

This Court has jurisdiction over these claims alleging a federal question pursuant to 42 U.S.C. § 1983.

### V. Insurance Coverage and Deductibles

Defendant City of Philadelphia is self-insured.

### VI. Dispositive Motions

Defendants anticipate filing a dispositive motion and request the deadline for such motion be 60 days after the close of discovery.

### VII. Anticipated Scope of Discovery

A. The parties anticipate discovery into the facts of the underlying allegation for a constitutional violation including the exchange of paper discovery and depositions. Should the pending motion to dismiss be denied, the parties will also engage in discovery surrounding the alleged policy, practice, or custom of under-staffing.

B. Anticipated number of interrogatories per party:  No more than 25

C.  Anticipated number of depositions per party: No more than 10

D.  The parties do not anticipate the scope of discovery will exceed that set by the Federal Rules of Civil Procedure.

**VIII. Status of Discovery**

The parties have not engaged in significant discovery due to the pendency of the motion to dismiss, which will control the scope of discovery in this matter. The parties will provide their initial disclosures in advance of the Rule 16 conference.

**IX. Proposed Case Management Deadlines**

A.  Deadline to serve initial disclosures under Rule 26(a)(1): April 15, 2024.

B.  Deadline to amend pleadings to add claims or Parties: The parties do not anticipate additional amendments at this time.

C.  Deadline for affirmative expert reports (if any) and disclosure of lay witness opinion testimony with related information and documents (if any): November 14, 2024.

D.  Deadline for rebuttal expert reports (if any): December 14, 2024

E.  Deadline to complete all discovery (fact and expert, including expert depositions): January 14, 2025.

F.  If any Party seeks more than 120 days for discovery, explain why:

The parties seek 180 days for fact discovery if the *Monell* claim is to move forward due to the complex and voluminous nature of such discovery. The parties seek an additional 60 days beyond fact discovery for expert disclosures and discovery.

G.  Deadline to file motion for summary judgment: January 31, 2025

H.   Estimated trial ready date: April 1, 2025

I.  Estimated number of days for trial: 14 days

**X. Deposition Scheduling**

Have the Parties set aside dates for deposition?  ___ Yes  _X__ No

If yes, what are those dates?  _____

If no, when do the parties intend to confer, and how many dates do they intend to set aside? The parties will confer following the decision on the motion to dismiss. The number of dates will vary greatly depending on the Court's decision.

**XI. Electronic Discovery**

The parties discussed that electronic discovery will be sought if the *Monell* claim moves into fact discovery. The parties agree that the discussion is premature at this time but agree that the outcome of the motion to dismiss will shed additional light on the scope of ESI sought. The parties will confer further following a decision on the motion to dismiss.

**XII. Protective Orders and Confidentiality Agreements**

Defendants anticipate a protective order may be necessary if *Monell* discovery proceeds because such discovery is likely to sweep up confidential information of other incarcerated persons. The parties agree to follow the Court's policies and procedures should such an order be necessary.

**XIII. Alternative Dispute Resolution**

A.   Have the Parties engaged in any settlement discussions?  The parties have not yet engaged in settlement discussions due to the fact-intensive nature of these allegations.

B.   Have the Parties explored or considered other forms of alternative dispute resolution? If so, summarize those efforts.  If not, state the Parties' positions with respect to ADR, as required under Local Rule of Civil Procedure 53.3.

The parties do not agree to ADR.

C.    Identify the individual who will attend the Rule 16 conference who will have authority to discuss settlement.

    Plaintiff: John J. Coyle

    Defendants: Kathryn Faris

**XIV. Consent to Send Case to a Magistrate Judge**

    The parties do not consent to magistrate jurisdiction at this time.

**XV. Policies and Procedures**

    Judge Gallagher's Policies and Procedures are available for the Parties to review on the Court's website.  By signing below, counsel for each Party and/or each pro se Party represents that he or she has reviewed the Judge's Policies and Procedures and acknowledges the requirements contained therein.  The Parties and their counsel further acknowledge by signing below that Judge Gallagher will strike pleadings and other submissions that do not comply with his Policies and Procedures.

**XVI. Other Matters**

    There are no other issues to address at this time.

/s John J. Coyle
John J. Coyle
Counsel For Plaintiff
McEldrew Purtell
123 S. Broad St., Suite 2250
Philadelphia, PA 19109
(215) 545-8800
jcoyle@mceldrewpurtell.com:

/s Kathryn Faris
Kathryn Faris
Counsel for Defendants
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5445
Kathryn.faris@phila.gov