IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH SIMMONS,<br>　　　　Plaintiff,<br><br>　　　v.<br><br>THE CITY OF PHILADELPHIA, *et al*<br>　　　　Defendants. | :<br>:<br>:<br>:　Civil No. 2:22-cv-01644-JMG<br>:<br>:<br>: |

**ORDER**

**AND NOW**, this 1ˢᵗ day of May, 2024, upon consideration of Defendants' City of Philadelphia, Warden Michele Farrell, and Prison Commissioner Blanche Carney Motion to Dismiss Plaintiff's Fourth Amended Complaint for Failure to State a Claim (ECF No. 57) and Plaintiff's Response in Opposition (ECF No. 58), **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 57) is **DENIED**.[1]

---

[1]　Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Wheeler v. Wheeler*, 639 Fed. Appx. 147, 149 (3d. Cir. 2016) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)).

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). However, a supervisory defendant may be liable under § 1983 if the defendant, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the

plaintiff's] constitutional harm." *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989). Here, Plaintiff alleges that Defendants Farrell and Carney are directly responsible for the injuries of Plaintiff through their actions or inactions as supervisors. Specifically, Plaintiff alleges that Defendants Farrell and Carney were aware of the prion's staffing shortages and the corresponding rise in violent incidences. ECF No. 56 at ¶ 97 and 105. Plaintiff also alleges that Defendants Farrell and Carney failed to maintain sufficient staffing levels or to properly retrain the staff to compensate for the understaffing levels. *Id*. at ¶ 95 and 96. With all of these factors taken together and at this stage in litigation, these inactions *could* amount to deliberate indifference and establishing a practice or custom that *could* amount to supervisory liability under § 1983 for Defendants Farrell and Carney.

Plaintiff further alleges that the City of Philadelphia is also responsible for his injuries. In order to sustain a § 1983 against the City, Plaintiff must demonstrate that a constitutional protected right was violated, and the alleged violation resulted from a policy or custom that exhibits deliberate indifference to the rights of citizens. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694-95 (1978). Plaintiff can do this in two ways. *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019). For the first way, Plaintiff can show "an unconstitutional policy or custom of the municipality" that led to his injuries. *Id*. For the second way, Plaintiff could show that his injuries were "caused by a failure or inadequacy by the municipality that 'reflects a deliberate or conscious choice." *Id*. (quoting *Brown v. Muhlenberg Township*, 269 F.3d 205, 215 (3d Cir. 2001)).

In general, a plaintiff typically must demonstrate that there was a pattern of similar constitutional violations to establish a custom. *See Connick v. Thompson,* 563 U.S. 51, 54 (2011). Also, a custom "requires proof of knowledge and acquiescence by the decisionmaker." *McTernan v. City of York, Pennsylvania*, 564 F.3d 636, 658 (3d Cir. 2009). Acquiescence can be inferred when a plaintiff alleges "policymakers were aware of similar unlawful conduct in the past, but failed to take precautions against future violations, and that this failure, at least in part, led to their injury." *Bielevicz v. Dubinon*, 915 F.2d 845, 851 (3d Cir. 1990). Here, Plaintiff alleges that the City of Philadelphia established a custom or policy to understaff the prisons. However, Plaintiff did not point to a specific policy. Also, Plaintiff did not allege sufficient facts that the City of Philadelphia gave up or acquiesced on fixing the understaffing problem. Plaintiff did state that the City of Philadelphia knew of the understaffing problem and held a hearing. *See* ECF No. 56 at ¶ 89. This suggests that the City of Philadelphia was attempting to fix the understaffing problem and did not acquiesce. This runs contrary to Plaintiff's claim of the establishment of a custom.

Plaintiff also alleges that the City of Philadelphia is responsible because they failed to train the correction officers appropriately. In order to show deliberate indifference for failure to train, Plaintiff must ordinarily show a "pattern of similar constitutional violations by untrained employees". *Connick*, 563 U.S. at 62. Plaintiff alleges that even with increased violent crimes occurring in prisons, the City of Philadelphia failed to adequately train staff to respond to emergency situations in an appropriate manner given the understaffing. *See* ECF No. 56 at ¶ 198. Additionally, Plaintiff could also show that a failure to provide the identified training "can be said to be 'so obvious,' that failure to do so could properly be characterized as 'deliberate indifference' to constitutional rights" *City of Canton v. Harris*, 489 U.S. 378, 390 n.10 (1989).

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

Specifically, Plaintiff alleges that Officer Simmons left Plaintiff after Plaintiff reported that he "feared for his life" without taking any action besides noting it in the logbook and stating that he would tell his supervisors. *See* ECF No. 56 at ¶ 49-52. Plaintiff alleges that he was later assaulted that night and no officer came to his aid. *Id*. at ¶ 53-73. The inactions of Officer Wilson suggest that he was not trained on how to respond to emergency situations or reports of safety concerns. The need for prison correction officers to be trained in these dangerous and emergency scenarios are "so obvious" that the failure to do so can be inferred as deliberate indifference. Based on all of these allegations of failure to train, the Court concludes that Plaintiff sufficiently stated a § 1983 claim against the City of Philadelphia.