IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH SIMMONS**, : | |
| Plaintiff, : | |
| : | |
| v. : | Civil No. 2:22-cv-01644-JMG |
| : | |
| **THE CITY OF PHILADELPHIA**, *et al.*, : | |
| Defendants. : | |

### AMENDED SCHEDULING ORDER

**AND NOW**, this 28th day of February, 2025, following a telephonic status conference with the parties, **IT IS HEREBY ORDERED** that the Amended Scheduling Order (ECF No. 72) is **AMENDED** as follows[1]:

1. The parties are directed to file a joint update regarding the status of discovery bi-weekly on Fridays the end of discovery. The first of these updates shall be due no later than **March 7, 2025.** These updates shall include, but are not limited to, the following: (1) the status of discovery including the dates that have been set aside for depositions, (2) which depositions have taken place and which depositions are outstanding, (3) the status of ESI discovery, and (4) what discovery requests remain outstanding.

2. A status conference with counsel is scheduled for **Thursday, May 29, 2025, at 9:30 a.m.** Plaintiff's counsel shall provide the Court and opposing counsel with conference bridge details (such as a telephone number and access code) no later than **Monday, May 19, 2025**. The parties should be prepared to discuss the status of discovery, settlement discussions, if any, and the dates the parties have jointly set aside for depositions.

---

[1] The parties should not anticipate further extensions of these deadlines from the Court. The Court reserves the option of imposing sanctions if deadlines continue to need to be extended.

3. Plaintiff shall have until **March 14, 2025**, to amend his Complaint.

4. All fact discovery shall be completed no later than **May 16, 2025**.

5. Affirmative expert reports, if any, are due by **May 16, 2025**.

6. Rebuttal expert reports, if any, are due by **June 13, 2025**.

7. All expert discovery including Expert depositions, if any, shall be concluded no later than **July 11, 2025**.

8. Any party expecting to offer opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701 with respect to the issues of liability and damages shall, at the time required for submission of information and/or reports for expert witnesses on liability and damages set forth in the preceding paragraph, serve opposing parties with concise details and/or documents covering the lay opinions of the Rule 701 witnesses, including the identity of each witness offering the expert opinion, the substance and the basis for each opinion.

9. Motions for summary judgment and *Daubert* motions, if any, shall be filed by **August 8, 2025**. Responses shall be filed no later than **September 5, 2025**. Motions and responses shall be filed in the form prescribed in Judge Gallagher's Policies and Procedures.

10. No later than **November 21, 2025**, counsel for each party shall serve upon counsel for every other party a copy of each exhibit the party expects to offer at trial.

11. No later than **December 5, 2025**, each party shall file with the Clerk of Court a pretrial memorandum. The pretrial memorandum should be prepared in accordance with the provisions of the Local Rule of Civil Procedure 16.1(c) and should also include the following items:

> (a) All stipulations of counsel.
>
> (b) A statement of objection to: (1) the admissibility of any exhibit based on authenticity; (2) the admissibility of any evidence

        expected to be offered for any reason (except relevancy); (3) the adequacy of the qualifications of an expert witness expected to testify; and (4) the admissibility of any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701. Such objection shall describe with particularity the ground and the authority for the objection.

    (c) Deposition testimony (including videotaped deposition testimony) that the party intends to offer during its case-in-chief. The statement should include citations to the page and line number and the opposing party's counter-designations.

    (d) A statement of any anticipated important legal issues on which the Court will be required to rule, together with counsel's single best authority on each such issue.

12. All motions *in limine* shall be filed no later than **December 12, 2025**. Responses, if any, shall be filed no later than **December 19, 2025**.

13. No later than **December 12, 2025**, any objections to designations of deposition testimony shall set forth the page and line numbers of the challenged testimony and a clear statement for the basis of that objection. The objecting party must provide the Court with a copy of the deposition transcript with the challenged testimony highlighted. Any objection not made in conformity with this Order will be deemed waived.

14. No later than **December 12, 2025**, the parties shall file with the Clerk of Court joint proposed jury instructions on substantive issues and proposed verdict forms or special interrogatories to the jury, and joint proposed *voir dire* questions. Each party shall also file

proposed jury instructions, verdict forms, special interrogatories, or *voir dire* questions on those issues not agreed upon by the parties in their joint submission.

15. The court will hold a final pretrial conference on **Wednesday, January 7, 2026, at 9:30 a.m.**, at 504 West Hamilton Street, Courtroom 4B, Allentown, Pennsylvania. Counsel shall be prepared to address any pending motions *in limine* and objections to witnesses and exhibits. Trial counsel must attend the final pretrial conference and only those attorneys attending the conference may participate in the trial.

16. The selection of a jury shall take place on **Friday, January 16, 2026, at 9:00 a.m.** Jury selection will take place at the James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania, in a courtroom to be determined.

17. A jury trial shall resume before this court on **Tuesday, January 20, 2026, at 9:00 a.m.** at 504 West Hamilton Street, Courtroom 4B, Allentown, Pennsylvania.

18. This order shall serve as a formal attachment for trial.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge