IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **JOSEPH SIMMONS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| v. | : | **No. 22-1644** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

# ORDER

AND NOW, this _____ day of _____, 2025, upon consideration of the City Defendants Motion for a Protective Order to Preclude the Production of Blanche Carney to Testify, it is **HEREBY ORDERED** that the Motion is **GRANTED,** and that Blanche Carney is hereby protected from testifying at deposition or trial in this matter.

BY THE COURT:

_____

JOHN M. GALLAGHER, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH SIMMONS, | : |
|                          Plaintiff, | : |
| v. | :   Civil Action No. 22-1644 |
| CITY OF PHILADELPHIA, et al., | : |
|                        Defendants. | : |

**DEFENDANTS CITY OF PHILADELPHIA AND BLANCHE CARNEY'S MOTION FOR A PROTECTIVE ORDER TO PRECLUDE THE PRODUCTION OF BLANCHE CARNEY TO TESTIFY**

Defendants the City of Philadelphia and Blanche Carney ("Moving Defendants"), by and through the undersigned counsel, hereby file this motion for a protective order to preclude the production of Blanche Carney to testify at a deposition or trial in this matter. In support of this Motion, Defendants incorporate the attached Memorandum of Law. Moving Defendants respectfully request that this Court enter an order protecting Blanche Carney from testifying at deposition or trial or grant such other relief as the Court may deem appropriate.

The undersigned counsel conferred in good faith with Plaintiff's counsel Nia Holston via email and video conference regarding possible written alternatives to a deposition and alternative dates, but the parties were unable to resolve this dispute without Court intervention.

Date: March 17, 2025        BY:        */s/ Emily M. Hoff*
                                                                                   Emily M. Hoff
                                                                                 Assistant City Solicitor
                                                                                 Attorney I.D. No. 330859
                                                                                 City of Philadelphia Law Department
                                                                                 1515 Arch Street, 14th Floor
                                                                                 Philadelphia, PA 19102
                                                                                 215-683-5362
                                                                                 *Attorney for City of Philadelphia and Blanche Carney*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH SIMMONS,** : | |
| : | |
| **Plaintiff,** : | |
| : | Civil Action |
| v. : | No. 22-1644 |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| : | |
| **Defendants.** : | |

**MEMORANDUM IN SUPPORT OF
MOVING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
TO PRECLUDE THE PRODUCTION OF BLANCHE CARNEY TO TESTIFY**

The Court should enter a protective order to preclude Blanche Carney from testifying because Plaintiff Simmons has not shown it is necessary to depose this high-ranking official.

**I.      BACKGROUND**

Plaintiff Joseph Simmons brought this action against, *inter alia*, Defendants the City of Philadelphia and Blanche Carney (individually "Defendant Carney," collectively "Moving Defendants"). *See* 5th Am. Compl. (ECF No. 84). Plaintiff alleges that, while housed at Curran-Fromhold Correctional Facility ("CFCF"), Defendant Carney's personal actions created a state created danger the night of February 21, 2021, and thus violated Plaintiff's constitutional rights. *See*, *e.g.*, *id*. at ¶¶ 1, 181-192. Plaintiff alleged that Defendant Carney personally "failed to maintain appropriate staff in the housing units." *Id*. at ¶ 190(a). In the Fifth Amended Complaint, Plaintiff made no factual allegations concerning specific knowledge or conduct by Commissioner Carney that cannot be obtained via alternative avenues. *See, generally, id*.

On February 11, 2025, Plaintiff served a notice of deposition for Defendant Carney to be deposed on March 7, 2025. On February 28, 2025, Defense objected to producing Commissioner

Carney on the basis of high official immunity and alerted Plaintiff that Commissioner Carney was unavailable and proposed less burdensome avenues for Plaintiff to receive the requested discovery. Defendant's proposal was to agree to language in an affidavit and use other depositions to get the requested discovery information. Plaintiff's counsel opposed such alternatives. On March 4, the parties met and conferred on the noticed 30(b)(6) topics and discussed the status of Blanche Carney's deposition and availability. Pursuant to this conversation, Defendant was to propose additional dates. However, Commissioner Carney remains unavailable for a deposition in the immediate future.

Crucially, Plaintiff has not propounded any form of written discovery request on Defendant Carney and has refused to agree to any form of written affidavit or incorporated reference to prior depositions that would allow the relevant discovery to be obtained via less burdensome avenues.

## II.   ARGUMENT

As a high-ranking government official, Commissioner Carney should be protected from testifying because Plaintiff has not shown extraordinary circumstances that warrant her deposition. This is protection is especially warranted when Plaintiff can obtain the relevant information from other sources, such as a 30(b)(6) deponent on prison operations.

"[T]he Supreme Court [has] indicated that the practice of calling high ranking government officials as witnesses should be discouraged." *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007) (citing *U.S. v. Morgan*, 313 U.S. 409, 422 (1941)). Absent extraordinary circumstances, top executive department officials should not be called to appear to testify. *Id.*; *Buono v. City of Newark*, 249 F.R.D. 469, 469 n.2 (D.N.J. 2008) (*citing Hankins v. City of Philadelphia*, Civ. No. 05–1499, 1996 WL 524334, *1 (E.D.Pa. Sept. 12, 1996) (internal citations omitted)). Extraordinary circumstances exist, among other factors, where Plaintiff has established the official's testimony is essential to his case *and* it is not available from other sources. *Bogan*, 489

2

F.3d at 423; *see also Robinson v. City of Philadelphia*, No. 04-3948, 2006 WL 1147250, at *2 & n.13 (E.D. Pa. April 26, 2006) (Rufe, J.). Although the Third Circuit has not spoken on the relevant issue in *Morgan*, other federal courts have similarly precluded the testimony of a high-ranking official at trial or depositions. *See, e.g., In re United States (Kessler)*, 985 F.2d 510, 512 (11th Cir. 1993) (noting that the reasons for this protection are obvious *and* the cumulative effect of short depositions would place a considerable burden on officials); *In re United States (Holder)*, 197 F.3d 310, 313–14 (8th Cir. 1999); *In re Office of Inspector Gen., R.R. Ret. Bd.*, 933 F.2d 276, 278 (5th Cir. 1991); *Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985).

To determine if extraordinary circumstances exist, the Court must consider whether or not the party seeking the testimony has shown: (1) the official's testimony is necessary to obtain relevant information not available from another source; (2) the official has first-hand information that could not be reasonably obtained from other sources; (3) the testimony is essential to the party's case; (4) the depositions would not significantly interfere with the official's ability to perform his government duties, and (5) the evidence sought is not available through any alternative source or less burdensome means. *Bogan*, 489 F.3d at 423-24. In *Bogan*, the Court affirmed the district court's protective order preventing the deposition of the Mayor of Boston, a named defendant, when "[t]he Bogans nevertheless failed to purse discovery from other City employees who could have shed light on the Mayor's involvement. In particular, the Bogans did not seek discovery from any of the Mayor's aides." *Id.* at 424.

*Hankins* similarly protected a high-ranking government official, noting that it was not reasonable to infer the Mayor has personal knowledge based on *pro forma* administrative approval. No. 95-1449, 1996 WL 524334, at *2 (E.D. Pa. Sept. 12, 1996). The Court has applied the same protection in a § 1983 suit, finding the deposition of the Mayor "unreasonable, unnecessary, and

3

burdensome" *Robinson*, 2006 WL 1147250 at *2. "A party seeking the deposition of a high-ranking government official must demonstrate that his testimony is likely to lead to the discovery of admissible evidence, is essential to that party's case and that this evidence is not available through any alternate source or less burdensome means." *Id*. "Mere knowledge or awareness of information that may be helpful if discovered is insufficient." *Id*. (*quoting U.S. v. Wal-Mart Stores*, No. CIV.A. PJM-01-CV-152, 2002 WL 562301, at *2 (D. Md. March 29, 2002)).

This Court should protect Defendant Carney from appearing via an oral deposition and during live witness testimony during trial. Plaintiff has alleged, at best, that Defendant Carney was aware and/or promoted of the general conditions within CFCF while she was PDP Commissioner, and that Plaintiff possibly received a letter from Commissioner Carney indicating that she would direct CFCF to look into the alleged grievances. These conditions are certainly within the knowledge of other prison officials or the Commissioner's administrative staff, and Plaintiff has failed to exhaust any other avenue to access this information via less burdensome means. In addition, Plaintiff's has not attempted, and, in fact, refused, to learn of the information through alternative modes of inquiry that would be less burdensome. As of filing this motion, Plaintiff's counsel has not served written interrogatories or Requests for Admission on Defendant Carney; nor has Commissioner Carney been subjected to a limited written deposition, as allowed under the Federal Rule Civil Procedure 31.

Similarly, Plaintiff may argue that the protection is inapplicable to Commissioner Carney as she is no longer the commissioner. However, the *Wal-Mart Stores* court reasoned that the protection of high-ranking officials applied equally to current and former officials. 2002 WL 562301 at *2 (emphasis added). The court reasoned that the official's past official conduct and access to information could expose him to significant legal actions even though he had left office.

4

*Id.* at 3. The court required the party seeking the deposition to demonstrate extraordinary circumstances or <u>material</u> personal involvement. *Id.* at *4. Therefore, the court in *Wal-Mart Stores*, and, this Court, by apparent endorsement of *Wal-Mart Stores* in *Robinson*, demonstrates in a thorough analysis why employment status is not relevant. Commissioner Carney's position as commissioner and the information she gained exposed her to potential legal entanglement with any vast number of claims touching on the operations of the prison system. As this case demonstrates, she would still be subject to that immense burden after years of public service—particularly considering the cumulative effects of every case a prisoner might bring—unless the high-ranking government official immunity is applicable to her as a former commissioner.

### III.   CONCLUSION

For all the foregoing reasons, the Court should grant the Moving Defendants' motion for a protective order.

Date: March 17, 2025          BY:          */s/ Emily M. Hoff*
                                           Emily M. Hoff
                                           Assistant City Solicitor
                                           Attorney I.D. No. 330859
                                           City of Philadelphia Law Department
                                           1515 Arch Street, 14th Floor
                                           Philadelphia, PA 19102
                                           215-683-5362
                                           *Attorney for City of Philadelphia and Blanche Charney*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH SIMMONS, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action |
| v. : | No. 22-1644 |
| : | |
| CITY OF PHILADELPHIA, et al., : | |
| : | |
| Defendants. : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below the Defendants City of Philadelphia and Blanche Carney's Motion for a Protective Order to Preclude the Production of Blanche Carney to Testify was filed via the Court's electronic filing system and is available for downloading.

Date: March 17, 2025         BY:         */s/ Emily M. Hoff*
                                          Emily M. Hoff
                                          Assistant City Solicitor
                                          Attorney I.D. No. 330859
                                          City of Philadelphia Law Department
                                          1515 Arch Street, 14th Floor
                                          Philadelphia, PA 19102
                                          215-683-5362
                                          *Attorney for City of Philadelphia*