**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSEPH SIMMONS,<br><br>*Plaintiff,*<br><br>v.<br><br>CITY OF PHILADELPHIA, et. al.,<br><br>*Defendants* | :<br>:<br>:<br>:<br>: Civil No. 22-1644<br>:<br>:<br>: Judge John M. Gallagher<br>:<br>: |

## ORDER

AND NOW, this _____ day of _____, 2025, upon consideration of the Defendants' Motion for a Protective Order and Plaintiff's Response in Opposition thereto, it is **HEREBY ORDERED** as follows:

1. Defendants' Motion for a Protective Order to preclude the testimony of former Commissioner Blanche Carney is **DENIED**;

2. Defendants are hereby **ORDERED** to produce Blanche Carney for a deposition no later than April 25, 2025;

3. Defendants are hereby **ORDERED** to produce all outstanding Electronically Stored Information by April 10, 2025.

**IT IS SO ORDERED.**

        **BY THE COURT:**

        _____
        John M. Gallagher, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH SIMMONS, | : |
| | : |
| *Plaintiff*, | : |
| | : Civil No. 22-1644 |
| v. | : |
| | : |
| CITY OF PHILADELPHIA, et. al., | : Judge John M. Gallagher |
| | : |
| *Defendants* | : |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MOTION FOR A PROTECTIVE ORDER TO PRECLUDE THE TESTIMONY OF BLANCHE CARNEY**

Plaintiff, Joseph Simmons, [hereinafter "Plaintiff" or "Mr. Simmons"] files the within Response in Opposition to Defendants City of Philadelphia, Blanche Carney, et. al., Motion for a Protective Order to preclude the testimony of Blanche Carney on the following grounds:

1. Defendants' Motion is not timely.

2. Defendants' have failed to show good cause and are therefore not entitled to a Protective Order Under F.R.C.P. 26(c).

3. Defendant Blanche Carney is not a high-ranking official for the purposes of being precluded from testifying.

4. Even if Defendant Blanche Carney were considered a high-ranking official, she is a party to the case and had personal knowledge of and personal involvement in the facts leading to this lawsuit and the affirmative defenses Defendants have raised, therefore overriding the limited immunity of high-ranking officials.

5. Contrary to Defendants' statements to this Court, Plaintiff has requested voluminous discovery regarding Blanche Carney that has not been provided by the City.

For the aforementioned reasons Plaintiff respectfully requests the Court deny the Defendants' Motion for a Protective Order.

                                              Respectfully submitted,

Dated: March 24, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH SIMMONS, | : | |
| | : | |
| | : | |
| *Plaintiff*, | : | |
| | : | Civil No. 22-1644 |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et. al., | : | Judge John M. Gallagher |
| | : | |
| *Defendants* | : | |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER TO PRECLUDE THE TESTIMONY OF BLANCHE CARNEY**

I.   **BACKGROUND**

Joseph Simmons was brutally raped and beaten by his cellmate while in custody of the City of Philadelphia as a pretrial detainee. Despite the City's constitutional obligation to protect people in their custody, no staff provided protection from the assault, even though several staff members were aware that he was in fear for his life. The City and Commissioner Carney were well aware that the long standing inadequate staffing of the prison system posed a substantial threat to the safety of pretrial detainees; nonetheless, they failed to address it. After surviving the pleading stage, the parties have been engaged for months in the discovery process. Plaintiff is still awaiting the receipt of voluminous amounts of discovery that was due in August 2024. Plaintiff also requested several times that the City set aside dates for depositions, and in some cases, received no response from the City. Now, after a properly noticed deposition of former Commissioner and named Defendant Carney was set for March 7, 2024, Defendants filed an untimely Motion for a Protective Order, ten days after the deposition was set. The City not only seeks to preclude the testimony of former

Commissioner Blanche Carney for a live deposition but also seeks to limit the Plaintiff's right to question her at trial.

Defendants have not met their burden to show good cause for a protective order. They claim that former Commissioner Carney is a high-ranking official subject to limited immunity from providing deposition testimony and seek to preclude her testimony on that basis. Defendants cite few cases in support of their position, relying heavily on one out of circuit district court opinion while ignoring key distinctions between that case and the one before this Court.

This Court should deny Defendants' Motion for a Protective Order for the following reasons: (1) Defendants' Motion for a Protective Order is untimely; (2) Defendant Blanche Carney is not a high-ranking official; (3) Defendants' have provided no explanation for Defendant Carney's unavailability, despite acknowledging that she sat for a deposition in another case just a few weeks ago, (4) Defendant Blanche Carney pled sufficient facts at the Motion to Dismiss stage of Carney's personal involvement to establish a supervisory liability claim, is relevant for the Monell claim, and her testimony is necessary to support the Defendants' named affirmative defenses; and (5) Plaintiff has been awaiting voluminous discovery materials related to Defendant Blanche Carney for over seven months. This Court should deny Defendants' motion.

II.     **LEGAL STANDARD**

A motion for a protective order may be made by any party to the case or by the person from whom discovery is sought. *Caisson Corp. v. Cty. West Bldg. Corp.*, 62 F.R.D. 331 (E.D. Pa. 1974). The motion should be timely, a limitation that is interpreted with reference to the

circumstances of the particular case and the discovery sought. With depositions, the order should be obtained before the date set for the deposition, and failure to move at that time has been held to preclude objection later. *Nestle Foods Corp. v. Aetna Cas. And Sur. Co.*, 129 F.R.D. 483 (E.D. Pa. 1990) (citing *United States v. Panhandle Eastern Corp.*, 118 F.R.D. 346 (D.Del. 1988).

Fed.R.Civ. 26(c) authorizes a court to issue a protective order where justice so requires and upon good cause shown. The party seeking a protective order bears the burden of demonstrating the "good cause" required to support such an order. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). The moving party must show a "particular need" for protection. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule." *Trans Pacific Ins. Co. v. Trans-Pacific Ins. Co.*, 136 F.R.D. 385 (E.D. Pa. 1991) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978).

High ranking government officials are generally entitled to limited immunity from being deposed concerning matters about which they have no unique personal knowledge." *Hankins v. City of Phila.*, No. 95-1449, 1996 WL 524334, at *1 (E.D. Pa. Sept. 12, 1996). " '[T]his rule is based on the notion that high ranking government officials have greater duties and time constraints than other witnesses' and that, 'without appropriate limitations, such officials will spend an inordinate amount of time tending to pending litigation.' " *Buono v. City of Newark*, 249 F.R.D. 469, 470 n.2 (D.N.J. 2008) (quoting *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007)).. To protect duties and time constraints, party requesting deposition of such an official must show that the proposed deposition is 1) likely to lead to the discovery of admissible evidence (2) is essential to that party's case, and (3) that this evidence is not available through any alternative source or less burdensome means. *Tomaszewski v. City of Philadelphia*, 2018 WL 6590826, at *3 (E.D. Pa. Dec. 14, 2018)

The Third Circuit has yet to establish a bright-line rule for classifying individuals as "high-ranking." *See Sensient Colors,* 649 F.Supp 2d at 316. In addressing this issue in *Buono,* districts within the Third Circuit have found that *U.S. v. Morgan*, 313 U.S. 409, 422 (1941) applies to Mayors. *Buono,* 249 F.R.D. at 470. The Eastern District of Pennsylvania has likewise applied the classification to current Mayors.

Former high-ranking officials who are sought to be deposed are not considered high-ranking officials that receive limited immunity from testimony. The need to protect them from the burdens of being deposed, as defined by *Morgan,* no longer exists. "[I]t is the current position, and not any former position that is evaluated." *Holt v. Pennsylvania,* 2020 WL 435752, at *3 (M.D. Pa. Jan. 28, 2020) (quoting Byrd v. D.C., 259 F.R.D. 1, 8 (D.D.C. 2009).

III.  **ARGUMENT**

    a.  **Defendants' Motion for a Protective Order is Not Timely**

Plaintiff first requested that the parties set aside dates for several depositions, including former Commissioner Carney's, on January 15. Plaintiff followed up again on January 21 with a specific request to try and set aside dates. Counsel for the Defendants responded on January 22 and indicated that a new attorney slated to take over the case would handle scheduling and cc'ed them on that email. Plaintiff followed up on January 27 with a specific email directed toward the new attorney on the case requesting again to set aside dates for depositions.

After not receiving any response, Plaintiff's counsel was forced to notice deposition dates on February 11, including a March 7 deposition date for Blanche Carney. Counsel for the Plaintiff had to block these dates off on their calendars to ensure availability for those depositions. Counsel for the Defendants responded on February 19th that she was in the process of confirming the dates for those depositions. After Plaintiff's counsel followed up again on

Thursday, February 27, Defendants' counsel informed them that Defendant Carney was in an unrelated deposition all day on the day prior, and that the attorney hadn't been able to speak with her.

On February 28, this Court issued a scheduling order indicating that fact discovery would close on May 19. That same day, Defendants' Counsel indicated for the first time that former Commissioner Carney would not be available for a deposition for any date within the almost three month period remaining in fact discovery and instead offered to make Defendant Carney available for deposition via written questions.[1]

Plaintiff's counsel immediately responded disagreeing with Defendants' proposal and requesting to move forward with the deposition. After meeting and conferring on March 3, Defendants' counsel indicated they would reach out to Defendant Carney about additional availability by March 7, the date of the noticed deposition. On March 7, Defendants' Counsel indicated that they needed more time to ascertain Defendant Carney's availability but did not say why. Defendant was well aware of Plaintiff's opposition to precluding the deposition and could have filed a protective order by that date but did not. Instead, on March 14, Defendants' Counsel reiterated that "after further conversation with our client, she remains unavailable for a deposition until May 19th" without any additional explanation or reason provided. Defendant Carney is, upon information and belief, retired. Furthermore, the notice was for a zoom deposition, negating the need for extensive travel or inconvenience. A Motion for a Protective Order is not timely if it is filed after the date of the noticed deposition. Defendants waived their

---

[1] Written deposition testimony is not sufficient here, and is generally viewed as "more cumbersome than an oral examination, and is less suitable for a complicated inquiry, or for a searching interrogation of a hostile or reluctant witness." § Depositions by Written Questions, 20 Fed. Prac. Proc. Deskbook § 91 (2d ed.)

right to object to her testimony, or move for a protective order, when there was no reason they could not have done so by the March 7 deadline.

### b. Defendants have failed to show good cause for their Motion for a Protective Order, as Defendant Carney is not a high-ranking official.

Defendants have failed to show good cause for their motion for a protective order. Though Defendants attempt to shift that burden from Defendants to Plaintiffs in their motion, they have failed to articulate a specific need for this protection and have merely stated broad allegations of harm without providing this Court without any specific examples of how former Commissioner Carney will be harmed by sitting for a deposition. Def. Mtn. at 2. Even if former Commissioner Carney were to be considered a high-ranking official for the purposes of this argument, which she is not, Defendants would still need to articulate why there is good cause to believe that the harm exists in this case and they failed to do so.

First, a bright-line rule has not been established within this Circuit that a commissioner, current or former, is in fact a high-ranking official. This Circuit has never concluded whether executive department officials should not be called to testify or deposed regarding their reasons for taking official action. That is a fact specific inquiry. But even if a commissioner were considered a high-ranking official subject to limited immunity from testimony, former commissioners are not considered high-ranking officials. Specifically, the Court in *Holt v. Pennsylvania* specifically held that former state police commissioners are no longer high-ranking officials as they no longer serve as the commissioner or head of any department, and thus, the reasoning undergirding the limitation on their testimony does not exists.

Defendants cite one out-of-circuit district court case from Maryland to support their position that Defendant Carney should be considered a high-ranking official. However, even the

Magistrate Judge in that case acknowledged that he could only find one single opinion holding that a former official is a high-ranking official. ("The Court has found one case from the West Virginia that stands for the proposition that former high-ranking officials, like those in active service, should be protected from depositions in the absence of extraordinary circumstances.") *Id*. at 3. That West Virginia case was in part based on West Virginia's Rules of Civil Procedure and was a state level Supreme Court case, not the Federal Rules of Civil Procedure or federal caselaw. *Arnold Agency v. West Virginia Lottery Commission*, 206 W.Va. at 599 (1999). Furthermore, unlike in the case before this Court, the court in *Wal-Mart Stores* was considering the testimony of a high-ranking official who was a *non-party*. The more common interpretation is that former commissioners are not considered high-ranking officials, because they are not subject to the specific burdens that undergird the reasoning for the limitation in the first place.

Finally, even if the Court found that Defendant Carney was in fact a high-ranking official subject to limited immunity from testimony, Plaintiff is able to show that her testimony is likely to lead to the discovery of admissible evidence, is essential to the case, and is not available through any alternative source or less burdensome means. Plaintiff has already shown through the pleading stage that Defendant Carney had personal involvement in this matter, and Defendants have already indicated that they intend to file for summary judgment based upon an alleged failure to exhaust administrative remedies. Plaintiff was required to appeal his grievance to the Commissioner and did receive at least one response directly from the Commissioner to his grievances. Moreover, this is a case regarding *Monell* liability of the Defendant City of Philadelphia, which requires the Plaintiff to prove that Defendants acted with deliberate indifference by either an established custom or policy, or a failure to train, discipline, or

supervise their employees on proper responses to emergencies and proper staffing levels. Her testimony is not only relevant, but essential to Plaintiff's claims.

Further, the idea that Plaintiff has not sought discovery from Defendant Carney is inaccurate. Plaintiffs sought extensive ESI in this case and the parties have agreed to include Defendant Carney as the custodian for several of those requests. However, despite first making those requests in July of 2024, the Plaintiff has not yet received a *single* email or correspondence from the City indicating that Defendant Carney either received or sent it. Moreover, the Plaintiff has significant *Monell* discovery in the matter that will be used to question Defendant Carney.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion for a Protective Order be denied in full, and that Defendants be ordered to produce Defendant Carney for a deposition by April 25, 2025 and that they produce all outstanding ESI in this matter no later than April 10, 2025.


Respectfully submitted,                                    Dated: March 24, 2025

**MCELDREW PURTELL**                                **ABOLITIONIST LAW CENTER**

/S/ John J. Coyle                                        /S/ Nia O. Holston
John J. Coyle, Esq.                                      Nia O. Holston, Esq.
Colin Haviland, Esq.                                     Bret D. Grote, Esq.
123 South Broad Street                                   PO Box 8654
Suite 2250                                               Pittsburgh, PA 15221
Philadelphia, PA 19109                                    t: (267) 357-0948
t: (215) 545-8800                                        nia@alcenter.org
chaviland@mceldrewpurtell.com                            bretgrote@abolitionistlawcenter.org
jcoyle@ mceldrewpurtell.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH SIMMONS, | : | |
| | : | |
| | : | |
| *Plaintiff*, | : | |
| | : | Civil No. 22-1644 |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et. al., | : | Judge John M. Gallagher |
| | : | |
| *Defendants* | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below the Plaintiff's Response in Opposition to Defendants City of Philadelphia and Blanche Carney's Motion for a Protective Order to Preclude the Production of Blanche Carney to Testify was filed via the Court's electronic filing system and is available for downloading.

DATE: March 24, 2025         BY:   /s/ Nia O. Holston