**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH SIMMONS,** | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 22-1644** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2025, upon consideration of Defendant Charmaine Campbell's Motion to Dismiss, it is **HEREBY ORDERED** that the Motion is **GRANTED** and the claims against Defendant Campbell is **DISMISSED WITH PREJUDICE**.

BY THE COURT:

_____
JOHN M. GALLAGHER, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSEPH SIMMONS, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | **Civil Action** |
| v. | : | **No. 22-1644** |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

## DEFENDANT CAMPBELL'S PARTIAL MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant, Sergeant Charmaine Campbell, hereby files this Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, the Defendant incorporates the attached Memorandum of Law. Defendant respectfully requests that this Court dismiss the claims asserted against her with prejudice.

Date:  March 26, 2025

Respectfully submitted,

*/s/ Emily M. Hoff*
Emily M. Hoff
Assistant City Solicitor
Attorney I.D. No. 330859
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
*Attorney for Charmaine Campbell*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH SIMMONS, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | No. 22-1644 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CAMPBELL'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Plaintiff Joseph Simmons ("Plaintiff") seeks to sue the Defendant Charmaine Campbell for violations of the Fourteenth Amendments under 42 U.S.C. § 1983, even though his claims against Defendant Charmaine Campbell ("Added Defendant") is barred by the statute of limitations.[1] Accordingly, the Court should dismiss the claims asserted against her with prejudice.

## I.    BACKGROUND

In his Fifth Amended Complaint, Plaintiff alleges that, while incarcerated at Curron Fromhold Correctional Facility ("CFCF"), on February 21, 2021, he was victim to both physical and sexual assaults by his then-cellmate. Fifth Amended Compl., ECF No. 84 at ¶1. Plaintiff avers that he requested to be moved to another cell. *Id*. This request was made to another defendant. *Id*. As to Defendant Campbell, Plaintiff alleges that "on the 11 pm [to] 7 am overnight shift beginning on or about February 21st, 2021, [she] failed to address or investigate Simmons' reports that his life was in danger and failed to assign a correctional officer to supervise the block." *Id*. at ¶ 21.

---

[1] While the undersigned does not currently represent the other, unserved newly added defendants, Ryan Thomas and Jermaine Holmes, it is worth highlighting to the Court that these same arguments apply to those individuals.

## II.    PROCEDURAL HISTORY

Plaintiff filed a complaint on April 27, 2022, wherein he named only CO Wilson as to the portion of the complaint that related to the February 2021 incident. *See* ECF No. 2. Counsel for the City produced the logbooks listing all persons who would have been staffing CFCF on September 26, 2024.[2] *See* Appendix A. Plaintiff waited until March 11, 2025, to file an Amended Complaint naming Sergeant Campbell as a Defendant. ECF No. 84. Defendant Campbell, through counsel, waived service on March 19, 2025.

As will be argued more fully below, Plaintiff's claims against the Added Defendant in the Fifth Amended Complaint are barred by the applicable statute of limitations.

## III.    ARGUMENT

### A.    The Court Should Dismiss All Claims Against the Added Defendant as the Statute of Limitations Had Run on Plaintiff's Claims Against Her.

#### 1.    Plaintiff's Claim against the Added Defendant was Time-Barred When He Filed the Amended Complaint.

The Court should grant this motion and dismiss all claims against the Added Defendant because the statute of limitations bars Plaintiff from suing her. The "statute of limitations for a § 1983 claim arising in Pennsylvania is two years." *See McCreary v. Redevelopment Auth*., 427 F. App'x 211, 214 (3d Cir. 2011). The statute of limitations begins to run when the plaintiff's cause of action accrues. *Romero v. The Allstate Corp.*, 404 F.3d 212, 221 (3d Cir.2005). Further, under the federal "discovery rule," a federal claim accrues when the plaintiff discovers or should have discovered the injury that forms the basis for the claim. *Id.* at 222. Using place holder John Doe

---

[2] Per the email chain attached in Appendix A, it is likely that the City produced the information as early as September 18, 2024. The latter date is used for purposes of this motion. Plaintiff may also assert that he did not receive the information until October 7, 2024. However, this analysis remains the same, regardless of which date the Court uses.

defendants does not stop or toll the applicable statute of limitations. *Talbert v. Kelly*, 799 F.2d 62, 66 n. 1 (3d Cir.1986).

Here, the alleged assaults against Plaintiff Simmons occurred on February 21, 2021. ECF No. 84 at ¶1. Plaintiff's statute of limitations began on February 21, 2021 and ended February 21, 2023. Plaintiff did not sue the Added Defendant until March 11, 2025, more than two years after the statute of limitations ran and over five months[3] after knowing the identities of the possible John/Jane Doe CFCF employees. Because Plaintiff named the Added Defendant outside of the statute of limitations period, his claims against her are time-barred unless he can satisfy the requirements of relation back as provided in Federal Rule of Civil Procedure 15(c). *See Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003).

    2.    <u>Plaintiff cannot establish the notice requirements of relation back.</u>

An amendment "relates back to the date of the original pleading" only when the requirements of Rule 15(c) are met. Fed. R. Civ. P. 15(c)(1). Plaintiff has the burden showing he has met the relation back requirements of Rule 15(c). *See Jackson v. City of Philadelphia*, 2019 WL 883989, at *3 (E.D. Pa. Feb. 22, 2019). Specifically, for the purposes of this motion, Plaintiff has the burden of proving that "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).  This is a notice requirement. This means that the "parties to be brought

---

[3] Should the Court use the September 17, 2024, date for receipt of the names, this would be 175 days since receipt. Should the Court use the September 26, 2024, date for receipt, this would be 166 days since receipt. Should the Court use the October 7, 2024, date, this would be 155 days since receipt of the information. Each possible calculation exceeds five months.

in by amendment must have received notice of the institution of the action within [90] days[4] following the filing of the action." *Garvin,* 354 F.3d at 220. Plaintiff does not plead any facts in the Amended Complaint to show that this notice requirement has been met.

       i.    <u>There is no actual or imputed notice to the Added Defendants</u>

Plaintiff has the burden of showing that the notice requirement of Rule 15(c) has been met. *Garvin,* 354 F.3d at 222. Plaintiff does not plead there was any actual notice to Added Defendants. Absent evidence that the party to be brought in by amendment had actual notice of the lawsuit, a plaintiff must rely on the either the "shared attorney" method or the "identity of interest" method to add a new party to his lawsuit. *See id.* at 222-23.

A Plaintiff seeking to rely on the "shared attorney method" must show that "notice of the institution of [an] action can be imputed to [a newly named defendant] . . . by virtue of representation [that the newly named defendant] shared with a defendant originally named in the lawsuit." *See Singletary v. Pa. Dep't of Corrs*., 266 F.3d 186, 196 (3d Cir. 2001). In order to make this showing, a plaintiff must plead facts which plausibly suggest that there was "some communication or relationship" between the attorney for an originally named party and the party to be added to a lawsuit. *See Gavin*, 354 F.3d at 225. Moreover, a plaintiff must adequately allege that this communication or relationship developed within 90 days of the filing of the lawsuit. *See id*. If a plaintiff fails to plead facts which plausibly suggest a "shared representation or

---

[4] Although *Garvin* refers to a 120-day requirement rather than a 90-day requirement, Rule 15(c) requires that a newly named party receive notice of a lawsuit "within the period provided by Rule 4(m) for serving the summons and complaint," and this period was changed from 120 days to 90 days.

communication" between a newly named party and an attorney for the originally named party, then a court should not permit the newly named party to be sued.  *See id.*

Here, Plaintiff has failed to plead facts in his Fifth Amended Complaint which plausibly suggest that the Added Defendant and the undersigned counsel have communicated about this case, and he certainly has not pled facts which suggest that such communication occurred within the 90 days after the filing of the original complaint. And the fact that Added Defendants would likely have been represented by the Philadelphia Law Department is not enough to impute notice under the "shared attorney method." See *Jackson v. City of Philadelphia*, 2019 WL 883989, at *4 (E.D. Pa. Feb. 22, 2019) (stating that the "Third Circuit has distanced itself from the theory that likely shared or collective representation by a City attorney's office alone is sufficient to demonstrate the "communication or relationship" necessary to impute notice to newly named officers). Therefore, Plaintiff cannot rely on the "shared attorney method," and the statute of limitations bars him from suing the Added Defendants.

If Plaintiff seeks to utilize the "identity of interest method" his claims would likewise fail. Parties share an identity of interest when they "are so closely related in their business operations or other activities that the institution of the action against one serves to provide notice of the litigation to the other." *Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 197 (3d Cir. 2001); *Gavin*, 354 F.3d at 227.

No such shared "identity" exists between the originally named defendant, here Corrections Officer Wilson, and the Added Defendants, and Plaintiff has not demonstrated any such identity of interest in his Fifth Amended Complaint. See *Brown v. McElwee*, 2012 WL 5948026, at *6 (E.D.Pa. Nov. 7, 2013) (declining to impute notice even though a police officer originally named in the complaint and not dismissed in the proposed amended complaint shared an office with a

police officer proposed as a defendant). Police Officers are not imputed notice just because their employer is sued. *Garvin*, 354 F.3d at 227. Police Officers must be "highly enough placed" in the management structure of the City of Philadelphia to share the same interests, and no such facts are pled here. *Id.* (holding that the "individual police officers sought to be added to this action certainly qualify as non-managerial employees" and agreeing with District Court that "they do not share a sufficient nexus of interests with their employer, the City"). The Court should apply the same analysis to Corrections Officers here.

Accordingly, because the statute of limitations on all of Plaintiff's claims ran on all the Added Defendants before the Amended Complaint was filed, and because Plaintiff cannot establish the notice requirement of relation back, Plaintiff's Claims against the Added Defendant should be dismissed with prejudice.

**IV.    CONCLUSION**

For the reasons set forth above, Defendant Campbell respectfully request that the Court dismiss the claims asserted against her with prejudice.

Date: March 26, 2025                          Respectfully submitted,

                                              */s/ Emily M. Hoff*
                                              Emily M. Hoff
                                              Assistant City Solicitor
                                              Attorney I.D. No. 330859
                                              City of Philadelphia Law Department
                                              1515 Arch Street, 14th Floor
                                              Philadelphia, PA 19102
                                              *Attorney for Charmaine Campbell*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|                          |   |                  |
|--------------------------|---|------------------|
| **JOSEPH SIMMONS,**      | : |                  |
|                          | : |                  |
|                          | : |                  |
| **Plaintiff,**           | : |                  |
|                          | : | **Civil Action** |
| **v.**                   | : | **No. 22-1644**  |
|                          | : |                  |
| **CITY OF PHILADELPHIA, et al.,** | : |        |
|                          | : |                  |
| **Defendants.**          | : |                  |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date below, the Defendants' Motion to Dismiss was filed via the Court's electronic filing system and is available for downloading.

Date: March 26, 2025                    Respectfully submitted,

                                        */s/ Emily M. Hoff*
                                        Emily M. Hoff
                                        Assistant City Solicitor
                                        Attorney I.D. No. 330859
                                        City of Philadelphia Law Department
                                        1515 Arch Street, 14th Floor
                                        Philadelphia, PA 19102
                                        *Attorney for Charmaine Campbell*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH SIMMONS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 22-1644** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## <u>CERTIFICATE OF COUNSEL</u>

The Court's Policies And Procedures require a meet and confer regarding the alleged pleading deficiencies. Counsel did not meet and confer regarding this motion. I hereby certify that Counsel for Defendants conferred with Counsel for Plaintiff on March 20, 2025, via zoom video conference to discuss this motion.

Date: March 26, 2025

Respectfully submitted,

*/s/ Emily M. Hoff*
Emily M. Hoff
Assistant City Solicitor
Attorney I.D. No. 330859
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
*Attorney for Charmaine Campbell*

Appendix A

| | |
|---|---|
| **From:** | Kathryn Faris |
| **To:** | Emily Hoff |
| **Subject:** | FW: Simmons Discovery Responses |
| **Date:** | Thursday, March 20, 2025 1:29:24 PM |
| **Attachments:** | image001.png |
| | image002.png |

Hopefully in here!

**Kathryn Faris** (she/her/hers)
Senior Attorney
Compliance Unit
City of Philadelphia Law Department
1515 Arch Street, 14th floor
Philadelphia, PA 19102
P: 215-683-6783*
C: (267) 592-7082
Kathryn.faris@phila.gov
www.phila.gov/law

***Please note the recent changes to my contact information***

**From:** Nia Holston <nia@alcenter.org>
**Sent:** Tuesday, October 8, 2024 1:18 PM
**To:** Jessica Gooding <jgooding@mceldrewpurtell.com>
**Cc:** Colin Haviland <chaviland@mceldrewpurtell.com>; John Coyle <jcoyle@mceldrewpurtell.com>;
Jordan Freeland <jordan.freeland@phila.gov>; Kathryn Faris <Kathryn.Faris@Phila.gov>
**Subject:** Re: Simmons Discovery Responses

> **External Email Notice. This email comes from outside of City government. Do not click on links or open attachments unless you recognize the sender.**

On Mon, Oct 7, 2024 at 5:05 PM Jessica Gooding <jgooding@mceldrewpurtell.com> wrote:

> Good afternoon,
>
> Thank you, Katie.
>
> We received City_54-290. Would a Dropbox link for the additional documents (291-366) be helpful? Thank you.
>
> Congratulations, enjoy Japan!
>
> Jessica
>
> **Jessica E. Gooding**

Paralegal
Civil Rights
McEldrew Purtell

---

jgooding@mceldrewpurtell.com
p: 215-545-8800 x 110
c: 610-952-3732
f: 215-545-8805
123 S. Broad St., Ste. 2250, Philadelphia, PA 19109

**mceldrewpurtell.com**

---

Attorneys Licensed in PA, NJ, NY, DC, TX, NM, AZ, CO, MA

Practice Areas - Catastrophic Injury & Wrongful Death: Birth Injury / Brain Injury / Trucking & Commercial Vehicle / Cargo
& Forklift / FELA & Railroad / Medical Malpractice / Excessive Force & Wrongful Conviction / Premises Liability,
Negligent Security & Dram Shop / Products Liability / Nursing Home Abuse, Neglect & Fraud / Toxic Exposure

CONFIDENTIALITY NOTICE: The information contained in this email is privileged and confidential information intended
for the use of the addressee or agent responsible for delivering this message to the intended recipient. You are hereby
notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this
electronically transferred information is strictly prohibited. If you have received this electronic transfer in error, please
immediately notify us by telephone to arrange for return of the original documents to us.

---

**From:** Kathryn Faris <Kathryn.Faris@Phila.gov>
**Sent:** Monday, October 7, 2024 3:20 PM
**To:** Nia Holston <nia@alcenter.org>; Jessica Gooding <jgooding@mceldrewpurtell.com>
**Cc:** John Coyle <jcoyle@mceldrewpurtell.com>; Colin Haviland
<chaviland@mceldrewpurtell.com>; Jordan Freeland <jordan.freeland@phila.gov>
**Subject:** RE: Simmons Discovery Responses

I received some "undeliverable" responses for the emails I sent trying to provide the
discovery. As I said earlier, we've been having issues with sharepoint storage and
our ability to create remote links. In an effort to problem solve, I'm adding in my
Legal Assistant, Jordan Freeland.

Mr. Freeland will be available while I'm away (10/11-10/29) to help facilitate the
transfer of discovery to your office(s).

Thanks,
Katie

**From:** Kathryn Faris
**Sent:** Monday, October 7, 2024 2:02 PM
**To:** Nia Holston <nia@alcenter.org>; Jessica Gooding <jgooding@mceldrewpurtell.com>
**Cc:** John Coyle <jcoyle@mceldrewpurtell.com>; Colin Haviland
<chaviland@mceldrewpurtell.com>
**Subject:** RE: Simmons Discovery Responses

---

**From:** Kathryn Faris
**Sent:** Monday, October 7, 2024 1:48 PM
**To:** 'Nia Holston' <nia@alcenter.org>; 'Jessica Gooding' <jgooding@mceldrewpurtell.com>
**Cc:** 'John Coyle' <jcoyle@mceldrewpurtell.com>; 'Colin Haviland'
<chaviland@mceldrewpurtell.com>
**Subject:** RE: Simmons Discovery Responses

---

**From:** Kathryn Faris
**Sent:** Monday, October 7, 2024 1:45 PM
**To:** 'Nia Holston' <nia@alcenter.org>; 'Jessica Gooding' <jgooding@mceldrewpurtell.com>
**Cc:** 'John Coyle' <jcoyle@mceldrewpurtell.com>; 'Colin Haviland'
<chaviland@mceldrewpurtell.com>
**Subject:** RE: Simmons Discovery Responses

---

**From:** Kathryn Faris
**Sent:** Monday, October 7, 2024 1:35 PM
**To:** 'Nia Holston' <nia@alcenter.org>; 'Jessica Gooding' <jgooding@mceldrewpurtell.com>
**Cc:** 'John Coyle' <jcoyle@mceldrewpurtell.com>; 'Colin Haviland'
<chaviland@mceldrewpurtell.com>
**Subject:** RE: Simmons Discovery Responses

Nia,

It came to my attention that some of the items in City 54-366 were not properly redacted. Please disregard earlier versions of those documents and accept these corrected versions here. I've put a read receipt on this email in case the file is too large (our system very unhelpfully will not tell me if a file can't be transmitted). I will probably send the redacted versions in a few batches due to the size limitations of my server.

Over the past several weeks we have been having issues with Microsoft Sharepoint, which is what we use for our file management and for sharing secure links with information. As of writing this email, I'm not able to send over any

productions because our system is down. I apologize for the inconvenience and will update the Court with that information.

Thursday is my last day in the office until 10/29. I'll be in Japan on my honeymoon and won't be accessible. I'm meeting with my Chief today to discuss case management while I'm gone. If you need anything after Thursday please email Danielle Walsh.

Thanks,
Katie

**Kathryn Faris** (she/her/hers)
Senior Attorney
City of Philadelphia Law Department
1515 Arch Street, 14th **floor**
Philadelphia, PA 19102
P: (215) 683-5445
C: (267) 592-7082
Kathryn.faris@phila.gov
www.phila.gov/law



---

**From:** Kathryn Faris
**Sent:** Monday, September 30, 2024 3:18 PM
**To:** Nia Holston <nia@alcenter.org>; Jessica Gooding <jgooding@mceldrewpurtell.com>
**Cc:** John Coyle <jcoyle@mceldrewpurtell.com>; Colin Haviland <chaviland@mceldrewpurtell.com>
**Subject:** RE: Simmons Discovery Responses

Still working on the productions. I did give Ms. Gooding access so that should be good.

I'm hoping to have another batch by the end of the week. Hopefully that will be it, but if not I'll give you a status update Friday.

Thanks,
Katie

---

**From:** Nia Holston <nia@alcenter.org>
**Sent:** Monday, September 30, 2024 3:14 PM
**To:** Kathryn Faris <Kathryn.Faris@Phila.gov>; Jessica Gooding <jgooding@mceldrewpurtell.com>

**Cc:** John Coyle <[jcoyle@mceldrewpurtell.com](mailto:jcoyle@mceldrewpurtell.com)>; Colin Haviland
<[chaviland@mceldrewpurtell.com](mailto:chaviland@mceldrewpurtell.com)>
**Subject:** Re: Simmons Discovery Responses

> **External Email Notice. This email comes from outside of City government. Do not click on links or open attachments unless you recognize the sender.**

I will check, thanks! Also, any update on the rest of the discovery that was due
9/27?

And I believe that Jessica Gooding, paralegal from John's firm emailed you on
Friday about sharing the link to the discovery with her. Were you able to provide
that to her?

Thanks again,

Nia

On Mon, Sep 30, 2024 at 9:19 AM Kathryn Faris <[Kathryn.Faris@phila.gov](mailto:Kathryn.Faris@phila.gov)> wrote:

> Hi Nia,
>
> Do you have the player used for PDP videos? I think that player is included in the
> CD we sent. If you are still having issues let me know and I'll loop in my support
> team to try to help.
>
> Thanks,
> Katie
>
> ---
>
> **From:** Nia Holston <[nia@alcenter.org](mailto:nia@alcenter.org)>
> **Sent:** Friday, September 27, 2024 11:37 AM
> **To:** Kathryn Faris <[Kathryn.Faris@Phila.gov](mailto:Kathryn.Faris@Phila.gov)>
> **Cc:** John Coyle <[jcoyle@mceldrewpurtell.com](mailto:jcoyle@mceldrewpurtell.com)>; Colin Haviland
> <[chaviland@mceldrewpurtell.com](mailto:chaviland@mceldrewpurtell.com)>
> **Subject:** Re: Simmons Discovery Responses

> **External Email Notice. This email comes from outside of City government. Do not click on links or open attachments unless you recognize the sender.**

Katie -

The link works but I cannot view the videos.

Thanks,

Nia

On Thu, Sep 26, 2024 at 3:58 PM Kathryn Faris <[Kathryn.Faris@phila.gov](mailto:Kathryn.Faris@phila.gov)>

wrote:

> Hi Nia,
>
> I sent the disc last week on 9/18. Not sure why you didn't get it yet. Try this link and let me know if it works. ▢ Turned over (outside access)
>
> Thanks for bearing with me,
> Katie
>
> _____
>
> **From:** Nia Holston <nia@alcenter.org>
> **Sent:** Thursday, September 26, 2024 12:16 PM
> **To:** Kathryn Faris <Kathryn.Faris@Phila.gov>
> **Cc:** John Coyle <jcoyle@mceldrewpurtell.com>; Colin Haviland <chaviland@mceldrewpurtell.com>
> **Subject:** Re: Simmons Discovery Responses
>
> **External Email Notice. This email comes from outside of City government. Do not click on links or open attachments unless you recognize the sender.**
>
> Hi Katie,
>
> We have not yet received the second disk. When did you send it? Also, do you have any updates on the sharepoint link for the videos?
>
> Thanks so much,
>
> Nia Holston
>
> On Wed, Sep 18, 2024 at 11:38 AM Kathryn Faris <Kathryn.Faris@phila.gov> wrote:
>
>> Nia,
>>
>> Having server issues today. I am hoping they are about to resolve. I'll mail the disc and will also try to get the sharepoint link to work.
>>
>> Stay tuned,
>> Katie
>>
>> _____
>>
>> **From:** Nia Holston <nia@alcenter.org>
>> **Sent:** Wednesday, September 18, 2024 11:36 AM
>> **To:** Kathryn Faris <Kathryn.Faris@Phila.gov>
>> **Cc:** John Coyle <jcoyle@mceldrewpurtell.com>; Colin Haviland

<chaviland@mceldrewpurtell.com>
**Subject:** Re: Simmons Discovery Responses

> **External Email Notice. This email comes from outside of City government. Do not click on links or open attachments unless you recognize the sender.**

Katie,

I'm not sure why your email just came through about the two disks, I certainly would have loved to see it earlier! If you can put it in the mail to the below address, that would be great. I will verify with you when I receive it.

Nia Holston
Abolitionist Law Center
990 Spring Garden
Philadelphia, PA 19123

Can you send over a discovery log via email? It doesn't need to be extensive, I just want to know the Bates numbers that have been passed as well as a list of videos so I can cross check them when I get a working disk drive. Even screenshots of the contents of the cd's on your end would be helpful.

Thanks,

Nia

On Wed, Sep 18, 2024 at 11:20 AM Kathryn Faris <Kathryn.Faris@phila.gov> wrote:

> Nia,
>
> The 2nd disc is ready. Would you like me to leave it for pickup or put it in the mail for you?
>
> Thanks,
> Katie
>
> _____
>
> **From:** Kathryn Faris
> **Sent:** Tuesday, September 17, 2024 2:33 PM
> **To:** Nia Holston <nia@alcenter.org>
> **Cc:** John Coyle <jcoyle@mceldrewpurtell.com>; Colin Haviland <chaviland@mceldrewpurtell.com>
> **Subject:** RE: Simmons Discovery Responses
>
> Yes. But no one will be at the desk until 9am. Hopefully that's ok! I'll make sure it is at the front desk on 14 by the end of the day today.
>
> Thanks,

Katie

---

**From:** Nia Holston <nia@alcenter.org>
**Sent:** Tuesday, September 17, 2024 2:24 PM
**To:** Kathryn Faris <Kathryn.Faris@Phila.gov>
**Cc:** John Coyle <jcoyle@mceldrewpurtell.com>; Colin Haviland <chaviland@mceldrewpurtell.com>
**Subject:** Re: Simmons Discovery Responses

> **External Email Notice. This email comes from outside of City government. Do not click on links or open attachments unless you recognize the sender.**

Yes, a CD works. I would love to pick it up on my way into work, so do you think it could be made available first thing in the morning?

On Tue, Sep 17, 2024 at 1:50 PM Kathryn Faris <Kathryn.Faris@phila.gov> wrote:

> Nia,
>
> Would a CD be ok? I can get that together and make it available for pick up tomorrow. If you need a flash drive I might need a little more time. They are also at a premium (government right?).
>
> Let me know,
> Katie

---

**From:** Nia Holston <nia@alcenter.org>
**Sent:** Tuesday, September 17, 2024 1:25 PM
**To:** Kathryn Faris <Kathryn.Faris@Phila.gov>
**Cc:** John Coyle <jcoyle@mceldrewpurtell.com>; Colin Haviland <chaviland@mceldrewpurtell.com>
**Subject:** Re: Simmons Discovery Responses

> **External Email Notice. This email comes from outside of City government. Do not click on links or open attachments unless you recognize the sender.**

Hi Katie,

Thank you for the updates. I appreciate your efforts. Could the discovery be passed another way, perhaps via USB? I would be happy to pick it up from the office if necessary. Please let me know.

Best,

Nia

On Mon, Sep 16, 2024 at 3:54 PM Kathryn Faris
<Kathryn.Faris@phila.gov> wrote:

> Hi Nia,
>
> My sincere apologies. We are having issues with sharepoint, which is
> our Microsoft cloud server. I'm working with IT to get this issue
> resolved and send it to you.
>
> Thanks for your patience,
> Katie
>
> ---
>
> **From:** Nia Holston <nia@alcenter.org>
> **Sent:** Wednesday, September 11, 2024 12:34 PM
> **To:** Kathryn Faris <Kathryn.Faris@Phila.gov>
> **Cc:** John Coyle <jcoyle@mceldrewpurtell.com>; Colin Haviland
> <chaviland@mceldrewpurtell.com>
> **Subject:** Re: Simmons Discovery Responses
>
> > **External Email Notice. This email comes from outside of City government. Do not click on links or open attachments unless you recognize the sender.**
>
> Thanks Katie. Do you happen to have any updates on this?
>
> On Fri, Sep 6, 2024 at 5:24 PM Kathryn Faris
> <Kathryn.Faris@phila.gov> wrote:
>
> > Attached please find Defendants' written responses.
> >
> > As part of the rolling production I will provide a link to documents on
> > Monday. For some reason they are uploading to the cloud and I
> > cannot send the link today.
> >
> > Have a good weekend,
> > Katie
> >
> > ---
> >
> > **From:** Nia Holston <nia@alcenter.org>
> > **Sent:** Friday, September 6, 2024 2:05 PM
> > **To:** Kathryn Faris <Kathryn.Faris@Phila.gov>; John Coyle
> > <jcoyle@mceldrewpurtell.com>; Colin Haviland
> > <chaviland@mceldrewpurtell.com>
> > **Subject:** Simmons Discovery Responses
> >
> > > **External Email Notice. This email comes from outside of City government. Do not click on links or open attachments unless you recognize the sender.**
> >
> > Hi Katie,

Please find Plaintiff's Responses to Defendant's First Set of Requests for Production and Interrogatories attached to this email.

Thanks,
Nia

--
Nia Holston
Staff Attorney
Abolitionist Law Center
nia@alcenter.org

CONFIDENTIALITY NOTICE: This email and any attachments may contain privileged or confidential information and is/are for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.