IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH SIMMONS,** : | |
| : | |
| **Plaintiff,** : | |
| : | Civil Action |
| v. : | No. 22-1644 |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| : | |
| **Defendants.** : | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT CITY OF PHILADELPHIA AND BLANCHE CARNEY'S MOTION FOR A PROTECTIVE ORDER TO PRECLUDE THE PRODUCTION OF BLANCHE CARNEY TO TESTIFY**

In support of the Defendants' Motion for a Protective Order to Preclude the Production of Blanche Carney to Testify, Defendants the City of Philadelphia and Blanche Carney ("Moving Defendants"), by and through the undersigned counsel, briefly reply to Plaintiff's opposition.

**A.    The Motion is Not Untimely**

The Court should not deny the motion as untimely. First, Rule 26 does not set forth a specific timing requirement for when moving for a protective order is appropriate. Fed. R. Civ. P. 26(c) (The rule requires only that "the motion [] include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."). Here, this requirement was met when defense counsel emailed an initial objection on February 28, then verbally conferred on March 4—both dates pre-dating the *unagreed* date for the deposition of Defendant Carney.

Plaintiff cites to *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.* 129 F.R.D. 483, 486 (D.N.J. 1990). However, *Kuhns v. City of Allentown* more appropriately reflects facts like the instant

litigation's facts. 264 F.R.D. 223, 226 (E.D. Pa. 2010) (Hey, J.). In *Kuhns*, the Court found a protective order filed after the deadline for the discovery was timely:

> I conclude that the motion is timely. The Federal Rules do not set a date certain in which to file a motion for a protective order. *See* Fed.R.Civ.P. 26(c) (governing protective orders). Moreover, the requirement set forth in Rule 26(c) that the moving party "include a certification that [it] in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action" implies a flexible time frame in which to seek a protective order.

*Id*. The Court found that the delay was due to an effort to informally resolve the dispute. *Id*. at 227. Here, as mentioned above, the original objection was raised to Counsel on February 28, then verbally conferred on March 4. During the March 4 conversation, even though Plaintiff was unable to express underlying facts that would require a deposition from a former Commissioner, the undersigned indicated she would produce possible dates in an effort to resolve the matter without Court intervention. As such, this Court should adopt *Kuhns'* reasoning that there is no strict timeliness requirement for which to file a protective order.

### B. Defendant Carney May Still Assert High-Ranking Government Official Protection Despite Being Retired

The Court should neither adopt Plaintiff's narrow reading of the reasoned analysis in *U.S. v. Wal-Mart Stores*, No. CIV.A PJM-01-CV-152, 2002 WL 562301 (D. Md. March 29, 2002), nor accept the contrary holdings referenced by Plaintiff. The *Wal-Mart* court held that a former high-ranking government official could assert the same protection as a current high-ranking government official. The *Wal-Mart* court analytically disposes of the apparent contrary argument presented by Plaintiff. The Court concludes that

> when read closely and in conjunction with the cases cited in support thereof, points to the need for the high-ranking official, active or former, to have personal involvement in a material aspect of the claim presented before a deposition will be required. Mere knowledge or awareness of information that may be helpful if discovered is insufficient.

*Wal-Mart*, 2002 WL 562301, at *2.

Further, the United States District Court for the Eastern District of Pennsylvania has granted protection to former officials. *E.g.* Order, *Copeland v. City of Philadelphia*, 2:15-cv-05012-WB (E.D. Pa. March 24, 2017) (ECF No. 67) (protecting former Police Commissioner Charles Ramsey, without opinion). Such protection is appropriate here, especially as Plaintiff cannot enumerate what Defendant Carney's personal involvement is outside of what has been alleged in the pleadings after over 14,000 documents have been produced.

C. **Plaintiff's Representations of His Unlitigated Discovery Grievances are Irrelevant to the Instant Motion and Offered to Distract From the Instant Issue**

The plaintiff attempts to argue that his ESI requests are evidence of discovery requests on Defendant Carney. However, this is misleading. Defendant Carney, an individual no longer employed by the City of Philadelphia, is not in physical possession of any of the ESI discovery requested and produced connected with her City of Philadelphia e-mail. As such, no written discovery requests have been propounded on Defendant Carney.

Regrettably, Plaintiff also attempts to slip in a Motion to Compel in his Response, by requesting all ESI be produced by April 10. This is an inappropriate avenue for such a request and the Court should deny this improper discovery request.

III. **CONCLUSION**

For all the foregoing reasons, the Court should grant the City Defendants' motion for a protective order.

Date: March 31, 2025          BY:     */s/ Emily M. Hoff*
                                      Emily M. Hoff
                                      Assistant City Solicitor
                                      Attorney I.D. No. 330859
                                      *Attorney for City of Philadelphia and Blanche Charney*

3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH SIMMONS,** : | |
| : | |
| **Plaintiff,** : | |
| : | Civil Action |
| v. : | No. 22-1644 |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| : | |
| **Defendants.** : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below the Defendants City of Philadelphia and Blanche Carney's Reply in Support of Defendants' Motion for a Protective Order to Preclude the Production of Blanche Carney to Testify was filed via the Court's electronic filing system and is available for downloading.

Date: March 31, 2025        BY:        */s/ Emily M. Hoff*
                                        Emily M. Hoff
                                        Assistant City Solicitor
                                        Attorney I.D. No. 330859
                                        City of Philadelphia Law Department
                                        1515 Arch Street, 14th Floor
                                        Philadelphia, PA 19102
                                        215-683-5362
                                        *Attorney for City of Philadelphia and Blanche Carney*